RECE...
AMC... 25
SUMMONS ISSUED 1-4
LOCAL RULE 4.
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 5-4-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

KATERINA LIBRIZZO )
)
Plaintiff )
)
v. )
)
THE BERKSHIRE COMPANIES LIMITED )
PARTNERSHIP, d/b/a THE BERKSHIRE )
GROUP, BERKSHIRE PROPERTY )
ADVISORS, L.L.C., BERKSHIRE INCOME )
REALTY, INC. and BERKSHIRE FINANCIAL )
COMPANY LIMITED PARTNERSHIP )
)
Defendants )

05cv10918MLW

## COMPLAINT AND JURY CLAIM

MAGISTRATE JUDGE _____

NOW COMES Katerina Librizzo, the plaintiff in the above-entitled action, and hereby states as follows:

### STATEMENT OF SUBJECT MATTER JURISDICTION

1. This is a civil rights action based on unlawful discrimination on the basis of gender and pregnancy by an employer against its employee, and for unlawful retaliation.

2. The unlawful discrimination was perpetrated by the employer against its employee in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, and in violation of M.G.L. Chapter 151B, §1, et seq.

3. The unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

4. This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 2000e-5(f)(3). and 28 U.S.C. 1331.

5. Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

6. The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

7. The Plaintiff in this action is Katerina Librizzo, an individual, and a United States citizen now or formerly residing at Sylvanus Wood Lane, Woburn, Middlesex County, Massachusetts.

8. Defendant The Berkshire Companies Limited Partnership, d/b/a The Berkshire Group is a duly organized, limited partnership registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business located at One Beacon Street, Suite 1500, Boston, Suffolk County, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

9. Defendant Berkshire Property Advisors, L.L.C., is a duly organized, limited liability company registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business located at One Beacon Street, Suite 1500, Boston, Suffolk County, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

10. Defendant Berkshire Income Realty, Inc., is a duly organized corporation registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business located at One Beacon Street, Suite 1500, Boston, Suffolk County, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

11. Defendant Berkshire Financial Company Limited Partnership is a duly organized limited partnership registered to do business within the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business located at One Beacon Street, Suite 1500, Boston, Suffolk County, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

12. At all times relevant to this Complaint, Plaintiff was an employee of Defendants The Berkshire Companies Limited Partnership, d/b/a The Berkshire Group, Berkshire Property Advisors, L.L.C., Berkshire Income Realty, Inc. and Berkshire Financial Company Limited Partnership (hereinafter together referred to as "Berkshire").

## FACTS COMMON TO ALL COUNTS

13.     Plaintiff, a woman who became pregnant during her employment with Berkshire, is a member of the protected classes of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, and of Massachusetts General Laws Chapter 151B Section 1, et seq.

14.     At all times during her employment with Berkshire, Plaintiff was qualified for the position and capacity in which she was employed.

15.     At all times relevant to this Complaint, Berkshire had an obligation and duty to provide the plaintiff with a work place free from discrimination on the basis of gender and pregnancy.

16.     At the beginning of her employment with Berskhire in 1999 and again later during her tenure with Berkshire, Berkshire promised, as part of its agreement for employment with the plaintiff, that the plaintiff would be required to work 8:45 a.m. to 5:30 p.m., Monday through Friday, with little or no overtime.

17.     The plaintiff became pregnant with in December, 2001 and again in May, 2003.

18.     Berkshire treated the plaintiff differently from other employees not in her protected class, because of and on account of her pregnancy and female gender.

19.     Berkshire harassed the plaintiff, including threats of termination, because of and on account of her pregnancy and female gender.

20.     Berkshire took unwarranted disciplinary action and other unwarranted adverse action against the plaintiff because of and on account of her pregnancy and female gender.

21.     Berkshire made unreasonable demands of the plaintiff because of and on account of her pregnancy and female gender.

22. Berkshire required unlimited and unreasonable over time of the plaintiff because of and on account of her pregnancy and female gender.

23. Berkshire unfairly, inaccurately and negatively evaluated the plaintiff's work performance because of and on account of her pregnancy and female gender.

24. In November, 2003, the plaintiff notified Berkshire that Berkshire's actions and conduct were discriminatory on the basis of her pregnancy and female gender, and otherwise engaged in activity protected under the Civil Rights Act and M.G.L. Chapter 151B.

25. Berkshire retaliated against the plaintiff because of and on account of her protected activity.

26. Berkshire falsified the plaintiff's personnel records because of and on account of the plaintiff's protected activity.

27. Berkshire harassed the plaintiff, including threats of termination, because of and on account of the plaintiff's protected activity.

28. Berkshire made unreasonable demands of the plaintiff because of and on account of the plaintiff's protected activity.

29. Berkshire required unreasonable and unlimited over time of the plaintiff because of and on account of the plaintiff's protected activity.

30. During the plaintiff's second maternity leave in 2004, Berkshire posted and advertised the plaintiff's position as if it were vacant.

31. On May 13, 2004, Berkshire terminated the plaintiff's employment because of and on account of her pregnancy and female gender and in retaliation for her protected activity under the Civil Rights Act and M.G.L. Chapter 151B.

32. Berkshire's stated and articulated reasons for its adverse action against the plaintiff are false and are a pretext for discrimination on the basis of gender and pregnancy.

33. Berkshire's stated and articulated reasons for its adverse action against the plaintiff are false and are a pretext for its retaliation on account of and because of the plaintiff's protected activity.

34. Berkshire replaced the plaintiff with an employee not in her protected classes.

35. On or about July 20, 2004, Plaintiff filed a Complaint and Charge of Discrimination and Retaliation against Berkshire with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunities Commission.

36. In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunities Commission, Plaintiff alleged that Berskhire terminated her employment and otherwise subjected her to discrimination on the basis of her gender and pregnancy, and in retaliation for her protected activity.

37. Pursuant to its work-sharing agreement with the Equal Employment Opportunities Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's Complaint of discrimination against Berskhire.

38. On or about February 10, 2005, the Equal Employment Opportunities Commission issued the Plaintiff a Notice of Right to Sue authorizing her to file the instant civil action.

## COUNT I -- GENDER AND PREGNANCY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e, et seq., THE CIVIL RIGHTS ACT AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978

39. Plaintiff restates, realleges and incorporates by reference herein allegations one through thirty eight of this Complaint.

40. Berkshire's conduct, as alleged in allegations seven through thirty eight of Plaintiff's Complaint, constitutes unlawful gender and pregnancy discrimination, in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978.

41. As a direct and proximate result of Berkshire's unlawful discrimination, in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, Plaintiff, Katerina Librizzo, has incurred and continues to incur substantial loss of salary, earnings and wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

42. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Berkshire terminated her employment because and on account of her gender and pregnancy and otherwise subjected her to unlawful discrimination.

43. Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of her intention to file this Complaint and to seek relief in this Court.

44. The Equal Employment Opportunities Commission has issued Plaintiff a Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action against Berkshire.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Berkshire and:

a. Declare that Berkshire's conduct violated the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978;

b. Enjoin Berkshire from subjecting Plaintiff to further discrimination;

c.   Issue a mandatory injunction compelling Berkshire to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

d.   Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e.   Award Plaintiff multiple damages;

f.   Award Plaintiff punitive damages;

g.   Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h.   Issue such other relief as the Court deems just and proper.

## COUNT II – GENDER AND PREGNANCY DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

45.   Plaintiff restates, realleges and incorporates by reference herein allegations one through forty-four of this Complaint.

46.   Berkshire's conduct, as alleged in allegations seven through forty-four of Plaintiff's Complaint, constitutes unlawful gender and pregnancy discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

47.   As a direct and proximate result of Berkshire's unlawful gender and pregnancy discrimination, in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, Katerina Librizzo, has incurred and continues to incur substantial loss of wages, salary and earnings, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

48.   Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that Berkshire terminated her employment because and on account of her gender and pregnancy and otherwise subjected her to gender and pregnancy discrimination in the context of her employment.

49. More than ninety days have passed since Plaintiff filed a Complaint of discrimination with the Massachusetts Commission Against Discrimination.

50. The Massachusetts Commission Against Discrimination has authorized the plaintiff to bring this private cause of action.

51. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against Berkshire.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Berkshire and:

a. Declare that Berkshire's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b. Enjoin Berkshire from subjecting Plaintiff to discrimination;

c. Issue a mandatory injunction compelling Berkshire to provide training to its agents, employees and officers designed to eliminate, prevent and reduce discrimination;

d. Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e. Award Plaintiff multiple damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h. Issue such other relief as the Court deems just and proper.

## COUNT III – RETALIATION IN VIOLATION OF 42 U.S.C. 2000e, et seq., THE CIVIL RIGHTS ACT AS AMENDED

52. Plaintiff restates, realleges and incorporates by reference herein allegations one through fifty-one of this Complaint.

53. Berkshire unlawfully retaliated against the plaintiff because of and on account of her protected activity under the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended.

54. As a direct and proximate result of Berkshire's unlawful retaliation, in violation of the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended, Plaintiff, Katerina Librizzo, has incurred and continues to incur substantial loss of salary, earnings and wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

55. Plaintiff complied with the requirement(s) of 42 U.S.C. 2000e-5(e)(1) when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Berkshire subjected her to unlawful retaliation.

56. Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of her intention to file this Complaint and to seek relief in this Court.

57. The Equal Employment Opportunities Commission has issued Plaintiff a Notice of her Right to Sue that authorizes Plaintiff to bring this private civil action against Berkshire.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Berkshire and:

a. Declare that Berkshire's conduct violated the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978;

b. Enjoin Berkshire from subjecting Plaintiff to further discrimination;

c. Issue a mandatory injunction compelling Berkshire to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce discrimination;

d. Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e. Award Plaintiff multiple damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h. Issue such other relief as the Court deems just and proper.

## COUNT IV – RETALIATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

58. Plaintiff restates, realleges and incorporates by reference herein allegations one through fifty-seven of this Complaint.

59. Berkshire unlawfully retaliated against the plaintiff because of and on account of her protected activity under the Massachusetts General Laws Chapter 151B, Section 4.

60. As a direct and proximate result of Berkshire's unlawful retaliation in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, Katerina Librizzo, has incurred and continues to incur substantial loss of wages, salary and earnings, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

61. Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when she properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that Berkshire subjected her to unlawful retaliation.

62. More than ninety days have passed since Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination.

63. The Massachusetts Commission Against Discrimination has authorized the plaintiff to bring this private cause of action.

64. Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against Berkshire.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Berkshire and:

a. Declare that Berkshire's conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b. Enjoin Berkshire from subjecting Plaintiff to discrimination;

c. Issue a mandatory injunction compelling Berkshire to provide training to its agents, employees and officers designed to eliminate, prevent and reduce discrimination;

d. Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e. Award Plaintiff multiple damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

h. Issue such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the plaintiff,

Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  _Middlesex_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _Suffolk_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
_Sol J Cohen, Cohen + Sales_
_43 Thorndike St, Cambridge MA 02141_

Attorneys (If Known)  **05-10918MLW**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
_42 U.S.C. 2000e_
Brief description of cause: _Gender and pregnancy employment discrimination_

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _1,500,000.00_
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _May 2, 2005_  SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Librizzo v. The Berkshire Companies Limited Partnership, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

    5cv10918MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

        None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES  ☐       NO  ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                        YES  ☐       NO  ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES  ☐       NO  ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES  ☐       NO  ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                        YES  ☒       NO  ☒

    A.   If yes, in which division do all of the non-governmental parties reside?
         Eastern Division  ☒        Central Division  ☐        Western Division  ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
         Eastern Division  ☐        Central Division  ☐        Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (if yes, submit a separate sheet identifying the motions)    N/A
                                                                        YES  ☐       NO  ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME: Sol J. Cohen, Cohen & Sales
ADDRESS: 43 Thorndike St., Cambridge, MA 02141
TELEPHONE NO.: 617-621-1151

(CategoryForm.wpd - 2/15/05)