UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-CV-10918MLW

_____  )
                                          )
KATERINA LIBRIZZO                         )
                                          )
    Plaintiff                             )
                                          )
v.                                        )
                                          )
THE BERKSHIRE COMPANIES LIMITED           )
PARTNERSHIP, d/b/a THE BERKSHIRE          )
GROUP, BERKSHIRE PROPERTY                 )
ADVISORS, L.L.C., BERKSHIRE INCOME        )
REALTY, INC. and BERKSHIRE FINANCIAL      )
COMPANY LIMITED PARTNERSHIP               )
                                          )
    Defendants                            )
_____  )

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED SUPPLEMENTAL INTERROGATORIES AFTER THE DISCOVERY DEADLINE, TO COMPEL ANSWERS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND TO COMPEL A FURTHER SUPPLEMENTAL DISCOVERY RESPONSE**

NOW COMES Katerina Librizzo, the plaintiff in the above-entitled action, and respectfully seeks leave to serve limited supplemental Interrogatories to the Defendants, for an Order compelling the defendants to answers the supplemental Interrogatories and to further respond to prior discovery request. As grounds therefore, the plaintiff states as follows:

**Background**

This is an action by a former employee against her former employer for pregnancy discrimination and retaliation under Title VII, the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, and M.G.L. Chapter 151B.

Procedural status

The trial of this case is set for June 19, 2006. The discovery deadline for this matter was March 31, 2006. During the status conference in March, 2006, the parties indicated that discovery was virtually complete, with exception of some minimal follow up discovery. The parties felt that they had a cooperative working relationship and that a further order relative to discovery was not necessary. In that spirit, the plaintiff agreed to accommodate the defense by permitting the defendants to complete the deposition of the plaintiff and to take two additional fact witness depositions during the first week of April, 2006, days after the formal end of discovery.

In the same spirit, on April 8, 2006, the plaintiff served three supplemental Interrogatories on the defense and also requested that the defense supplement specific prior discovery responses. The plaintiff did not expect that a motion for leave was necessary given the working relationship between the parties, and given the quite limited nature of the supplemental discovery that the plaintiff sought.

The supplemental interrogatories were as follows:

1. Please provide the annual salary and all bonuses, draws, commissions or other monetary payments that the Berkshire Group or any of its subsidiaries or related companies made to Christopher Nichols, Kelly McCusker and Wayne Zarozny during the years 2002, 2003, 2004 and 2005.

2. Please provide the following as to David Meer:

    a. all positions and titles held within the Berkshire Group or its related companies at any time, and the beginning and end dates for each such position or title.
    b. all job responsibilities within each position described in subsection a. of this Interrogatory.
    c. Mr. Meer's salary(ies) while employed at the Berkshire Group or its related companies.

3. Please describe in detail the history of the employment of Bernadette Fernandes with the Berkshire Group or its related companies, including which entities for which she worked, her positions and titles, *identify* her supervisor(s), the beginning and end date(s) of each position held, the dates of any maternity or other leaves she took, any complaints, informal

or formal, she had while at the Berkshire, and all reasons for the end of her employment at each positions he held with Berkshire or its related companies.

On May 12, 2006, the defendants served responses to the supplemental discovery which refused to answer the Interrogatories on grounds that they were served eight days after the discovery deadline and raised no other objections.  The plaintiff now seeks an order for leave to serve the three supplemental Interrogatories and for an Order compelling the defendant to serve answers to the Interrogatories.

Argument

The plaintiff's supplemental Interrogatories

The plaintiff served the three supplemental Interrogatories at issue in part in response to the lines of questioning of the plaintiff during her deposition on April 3, 2006.  For example, one of the central disputed issues in this case is whether the defendants required the plaintiff to work an unreasonable number of hours during her pregnancy as a method of persuading her to leave the job.  During the plaintiff's deposition on April 3, 2006, defense counsel implied that the plaintiff's superiors worked excessive hours despite not being pregnant (and therefore that those are facts tending to disprove disparate treatment of the plaintiff on account of her pregnancy.)  Defense counsel's questioning was as follows:

```
    Q.  Is it your testimony that the only reason the
15      company asked you to work more than 40 hours per
16      week was because you were pregnant?
17  A.  Yes.
18  Q.  And is it your testimony that when you were
19      asked to work 40 hours -- more than 40 hours per
20      week, none of the other employees in your
21      department were being asked to work more than 40
22      hours per week?
23  A.  Chris and Kelly were the only people in our
24      department, so --
```

3

```
 1  Q.  And you were the only one asked to work more
 2      than 40 hours per week, right?
 3  A.  No, they would work too.
 4  Q.  They weren't pregnant; were they?
 5  A.  No.
 6  Q.  So is it your testimony that you were all
 7      working more than 40 hours per week back then?
 8  A.  Yes.
 9  Q.  Why was Chris Nichols working more than 40 hours
10      per week back then?
11  A.  He always worked more than 40 hours a week, ever
12      since I started.
13  Q.  What about Kelly McCusker?  Why was she working
14      more than 40 hours per week back then?
15  A.  She wouldn't all the time.  She was busy.
16  Q.  You just told us she was working more than 40
17      hours per week.
18  A.  On occasion.
19  Q.  And why was she working more than 40 hours per
20      week on occasion?
21  A.  If she had deadlines to meet.
22  Q.  And do you recall that she was asked to work
23      more than 40 hours per week because she was
24      pregnant?

 1  A.  No.
 2  Q.  It's true, is it not, that there weren't any
 3      weeks when you worked more hours than Kelly
 4      McCusker?
 5  A.  I'm not too sure.  On occasion, I did arrive
 6      before she did.  I don't know how late she would
 7      stay.
 8  Q.  She was always there when you left, correct?
 9  A.  Yes, but I would come in before her.
10  Q.  And the same thing with Chris?  He was always
11      there when you came in?
12  A.  Oh, Chris was always there, yes, but Kelly was
13      not..
```

Defense counsel's line of questioning implies that the plaintiff was employed in a position with equivalent terms, conditions and expectations as her supervisors, Wayne Zarozny, Kelly McCusker and Chris Nichols. The plaintiff asserts that she held a mid to lower

4

level accounting position with the defendant and that her supervisors, the Controller and Assistant Controller, held executive positions for which the defendants expected far more work hours per week. Plaintiff's first supplemental Interrogatory is critical to discover the hierarchal level of the positions which her supervisors held, as compared with the plaintiff's position.

Additionally, a dispute materialized during discovery as to whether the defendant replaced the plaintiff with a man named David Meer. The defense seems to claim that the defendants did not replace Ms. Librizzo at all when she was terminated. The plaintiff claims that the defendant had planned to replace her with Mr. Meer soon after she became pregnant. The plaintiff's second supplemental Interrogatory seeks information to clarify what Mr. Meer's position and duties were.

Finally, the plaintiff testified at her deposition about a former employee named Bernadette Fernandes and that the defendants treated Ms. Fernandes in much the same manner as the plaintiff when pregnant. The plaintiff's third supplemental Interrogatory seeks information relative to how Ms. Fernandes's employment ended, her positions and titles and supervisors. This information is important because the employer's treatment of employees in the plaintiff's protected class as compared with its treatment of employees outside her class is relevant. *See Lewis v. Homecare for Senior Citizens, Inc.,* 397 Mass. 761, 767-68, 493 N.E.2d 867, 872 (1986) (holding that in an employment discrimination case, factor's showing unlawful discrimination include the employer's general practices regarding other members of the victim's protected class); and *Blare v. Husky Injection Molding Sys. Boston, Inc.,* 419 Mass. 437, 447, 646 N.E.2d 111, 118 (1995) (holding that discrimination can be inferred from patterns of treatment of two groups of employees).

None of the supplemental interrogatories pose an undue burden on the defendant. The Court should compel the defendants to serve answers to the three supplemental Interrogatories because they are limited, specific and seek information readily and easily available to the defendants.  Furthermore, the defendants will not suffer any prejudice because the plaintiff served the three supplemental Interrogatories eight days after discovery.

<u>The defendants' supplement to prior discovery responses</u>

The plaintiff also seeks an Order compelling the defense to supplement its discovery responses to provide financial statements and tax returns showing the defendants' gross income.  This information is relevant because MGL Chapter 151B provides that a punitive damages for its violation are one remedy available to the plaintiff.  *See Labonte v. Hutchins & Wheeler,* 424 Mass. 813, 827 (1997).

        For the plaintiff,
        By her attorney,


        <u>Sol J. Cohen /s/           </u>
        Sol J. Cohen
        BBO # 630776
        COHEN & SALES
        43 Thorndike Street
        Cambridge, MA 02141
        (617) 621-1151

## CERTIFICATE OF SERVICE

      I, Sol J. Cohen, attorney for the plaintiff, Katerina Librizzo, hereby certify that on this 20th day of May, 2006, I served a copy of the above document on the defendants in this action, by mailing the same, postage pre-paid to the defendants' attorney at the following address:

Joseph H. Aronson, Esq.
The McCormack Firm
One International Place
Boston, MA 02110

                                                                                                                                          _____

                                                                                                                               Sol J. Cohen