UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-CV-10918-LTS

| | |
|---|---|
| KATERINA LIBRIZZO | ) |
|     Plaintiff | ) |
| v. | ) |
| THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP, d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, L.L.C., BERKSHIRE INCOME REALTY, INC. and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP | ) |
|     Defendants | ) |

## **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PRE-TRIAL DISCLOSURES**

NOW COMES the plaintiff in the above entitled matter and submits the following objections to the defendant's Pre-Trial Disclosures.

Witnesses

Plaintiff has no objections to the defendants' list of witnesses.

Documents and things

The following objections correspond numerically to the defendant's list of disclosed documents and things:

16.    Document: October 30, 2003 Memo from Dan Stravinski to Katerina Librizzo re her request to work a reduced workload.

    Objection: The plaintiff's objects on the grounds that the defendants have not provided the plaintiff with a copy of the disclosed document. The plaintiff reserves the right to object on further grounds once she receives a copy of the document.

23.    <u>Document</u>: May 6, 2004 e-mail exchange between Katerina Librizzo and Mark Faron discussing an unidentified female employee who is "like an animal probably" and how its difficult to imagine how she does "the other thing" when she has difficulty just getting into her car.

<u>Objection:</u> Plaintiff objects to admission of the substance of the communication under Rules 402 and 403. Although the fact that the plaintiff e-mailed her friend (Mark Faron) during business hours about a personal matter (and the time spent doing so) is relevant, the substance of the communication is not relevant to any claims or defenses in this action. Any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues, especially given that part of the e-mail exchange was initiated by Mr. Faron.

26.    <u>Document</u>: May 12, 2004 e-mail exchange between Katerina Librizzo and Lisa Tammaro re Librizzo not staying late and work and Tammaro recommending Librizzo just continue to say she has an appointment every time she is asked to stay late.

<u>Objection:</u> Plaintiff objects to admission of the substance of the communication under Rules 402 and 403. Although the fact that the plaintiff e-mailed her sister (Lisa Tammaro) during business hours about a personal matter (and the time spent doing so) is relevant, the substance of the communication is not relevant to any claims or defenses in this action. Any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues, especially given that part of the e-mail exchange was initiated by Ms. Tammaro.

31.    <u>Document</u>: May 11, 2004 e-mail string between Katerina Librizzo and Siobhan Lynch in which Librizzo discusses hating everyone on her floor at work and how "Shannon kisses everyone's ass".

<u>Objection:</u> Plaintiff objects to admission of the substance of the communication under Rules 402 and 403. Although the fact that the plaintiff e-mailed her friend (Ms. Lynch) during business hours about a personal matter (and the time spent doing so) is relevant, the substance of the communication is not relevant to any claims or defenses in this action. Any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues.

32.    <u>Document</u>: May 10, 2004 e-mail from Katerina Librizzo to Siobhan Lynch entitled "that little troll over her is so fake I want to puke" in which Librizzo discusses her dislike for Lynch's replacement and sightings she made at work of Lynch's then-boyfriend.

<u>Objection:</u> Plaintiff objects to admission of the substance of the communication under Rules 402 and 403. Although the fact that the plaintiff e-mailed her friend (Ms. Lynch) during business hours about a personal matter (and the time spent doing so) is relevant, the substance of the communication is not relevant to any claims or defenses in this action. Any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues.

37.     <u>Document:</u> May 4, 2004 e-mail from Katerina Librizzo to Siobhan Lynch in which Librizzo states that "Sue and Shannon" are "so chipper its disgusting and fake" and that everyone at work bothers her.

<u>Objection:</u> Plaintiff objects to admission of the substance of the communication under Rules 402 and 403.  Although the fact that the plaintiff e-mailed her friend (Ms. Lynch) during business hours about a personal matter (and the time spent doing so) is relevant, the substance of the communication is not relevant to any claims or defenses in this action.  Any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues.

39.     <u>Document:</u> May 7, 2004 e-mail string from Katerina Librizzo to Siobhan Lynch in which Librizzo comments on Berkshire staff and complains about her husband.

<u>Objection:</u> Plaintiff objects to admission of the substance of the communication under Rules 402 and 403.  Although the fact that the plaintiff e-mailed her friend (Ms. Lynch) during business hours about a personal matter (and the time spent doing so) is relevant, the substance of the communication is not relevant to any claims or defenses in this action.  Any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues.

41.     <u>Document:</u> March 13, 2003 e-mail exchange between Katerina Librizzo and Christina Reale discussing BIR 10-K, and questions Reale had regarding errors in the BIR 10-K.

<u>Objection:</u> The plaintiff's objects on the grounds that the defendants have not provided the plaintiff with a copy of the disclosed document. The plaintiff reserves the right to object on further grounds once she receives a copy of the document.

45-47.  <u>Documents:</u> Exhibits 18, 20 and 21 to the plaintiff's deposition.

<u>Objection:</u> The plaintiff's objects on the grounds that the defendants have not provided the plaintiff with copies of the disclosed documents, despite one or more prior requests for them.  The plaintiff reserves the right to object on further grounds once she receives copies of the documents.

50.     <u>Document:</u> Plaintiffs Answers to Interrogatories.

<u>Objection:</u> Plaintiff objects to the extent and that she objected (and on the grounds on which she so objected) to each individual objection and to the extent that she has since supplemented her Answers.

52.     <u>Document:</u> Account Pros computer screen print outs regarding phone conversations with Katerina Librizzo dated May 18, 2005 and June 21, 2005.

<u>Objection:</u> Plaintiff objects pursuant to Rule 802 because these documents contain two levels of hearsay.

54.     Document: Beacon Hill Staffing records regarding Katerina Librizzo and marked as Exhibit 2 to Mr. Bolduc's deposition of April 6, 2006.

Objection: Plaintiff objects pursuant to Rule 802 because these documents contain two levels of hearsay.

For the plaintiff,

Sol J. Cohen   /s/
Sol J. Cohen
BBO# 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

## CERTIFICATE OF SERVICE

I, Sol J. Cohen, attorney for the above-named Plaintiffs, certify that I have served a copy of the above document on the Defendant by first class mail, postage pre-paid, on the 24th day of May, 2006 to the Defendant's attorney at the following address:

Joseph H. Aronson
The McCormack Firm, LLC
One International Place, 7th Floor
Boston, MA 02110

Sol J. Cohen   /s/
Sol J. Cohen