UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATERINA LIBRIZZO,<br><br>    Plaintiff<br><br>v.<br><br>THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, L.L.C., BERKSHIRE INCOME REALTY, INC., and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION<br>NO. 05 CV 10918MLW |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF
DISCRIMINATION MADE BY OTHER FORMER EMPLOYEES OF THE BERKSHIRE GROUP
AND ANY REFERENCE TO MCAD COMPLAINT**

Defendants THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, LLC, BERKSHIRE INCOME REALTY, INC., and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP (collectively referred to as "The Berkshire Group"), hereby move this Honorable Court to preclude the introduction of evidence relating to allegations of discrimination made by other former employees of the Berkshire Group. The Berkshire Group also moves the court to prohibit plaintiff from introducing into evidence or in any way referencing the complaint that plaintiff filed with the Massachusetts Commission Against Discrimination ("MCAD") which was withdrawn by plaintiff in 2004, in order for her to file suit with this Court. As grounds in support of its motion, the Berkshire Group states the following:

I.  **<u>PRELIMINARY STATEMENT</u>**

The Berkshire Group seeks entry of an Order in Limine precluding the plaintiff from discussing in opening or closing statements or attempting to introduce into evidence at trial, through witness testimony or otherwise, anecdotal information concerning allegations of discrimination against the Berkshire Group by other former employees which are neither relevant nor material to the issues in this litigation. Moreover, any relevance would be outweighed by prejudice to the Berkshire Group and would potentially confuse the jury.

In plaintiff's pre-trial disclosures, plaintiff identified former Berkshire Group employee, Bernadette Fernandes as a possible witness. Also, plaintiff has propounded interrogatories and documents requests to the Berkshire Group seeking information about Bernadette Fernandes and another former Berkshire Group employee, Brenda Jenkins. Neither Ms. Williams nor Ms. Jenkins appear to possess any first hand knowledge relevant to the issues in this case and are expected to offer testimony relating to their own claims that they were allegedly subjected to discrimination by the Berkshire Group. The Berkshire Group has reasonable cause to believe that the Plaintiff's sole purpose in calling the foregoing witnesses and/or to bring in to evidence information regarding their allegations, is to inflame the jury by recounting the details of their own personal claims and beliefs that they were allegedly discriminated against by the Berkshire Group.

Defendant's motion should be granted because the claims of Ms. Jenkins and Ms. Fernandes are distinct and unrelated to plaintiff's claims, and therefore are not relevant. Ms. Jenkins alleged racial discrimination, filed a complaint with the MCAD, and that case was closed based on a finding of lack of probable cause. Ms. Jenkins worked in a different department at the Berkshire Group than plaintiff and worked under different supervisors. Ms. Fernandes on the other hand never made a claim or filed a complaint against the Berkshire Group, and left the employment of the Berkshire Group voluntarily. Because the allegations of these two women are different from

plaintiff's claims and are totally unrelated to plaintiff's claims, such anecdotal evidence is not relevant to the plaintiff's case. Accordingly, any evidence regarding the allegations of Ms. Jenkins and Ms. Fernandes should therefore be excluded.

Moreover, the proffered evidence constitutes inadmissible character or propensity evidence; and the slight probative value, if any, is substantially outweighed by the danger of unfair prejudice to the Berkshire Group. Additionally, such evidence would create confusion for the jury. The admission by the Court of testimony from, or evidence regarding, Ms. Jenkins and Ms. Fernandes regarding their own personal claims and belief that they were subjected to discrimination would result in mini-trials which would unduly lengthen the trial of this case, force the Berkshire Group to collaterally litigate irrelevant issues as well as mislead and confuse the jury. Accordingly, the Court should use its broad discretion to exclude this evidence from trial.

**II.    ARGUMENT**

    **A.    The Proffered Evidence Is Not Relevant To This Action and Should Therefore Be Excluded**

As a general rule, evidence is relevant if it has a rational tendency to prove an issue in the case or makes a desired inference more probable than it would be without the evidence. See G.E.B. v. S.R.W., 422 Mass. 158, 167, 661 N.E.2d 646, 654 (1996) (citations omitted); Commonwealth v. Copeland, 375 Mass. 438, 443, 377 N.E.2d 930, 933 (1978). Federal Rules of Evidence, Rule 403, defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 further provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...."

Evidence that is not relevant is inadmissible. Moreover, evidence of other acts or wrongs is not admissible to prove character in order to show that a person acted in conformity therewith.

3

See Young, Pollets & Poreda, Massachusetts Evidentiary Standards, Standard 404 (1998). See also Commonwealth v. Trapp, 396 Mass. 202, 206, 485 N.E.2d 162, 165 (1985). In the present case, the proffered evidence relating to allegations of discriminatory conduct against former Berkshire Group employees is unrelated to the Plaintiff's allegations and, therefore, has no "rational tendency to prove an issue in the case." G.E.B., 422 Mass. at 167.

In employment discrimination claims, an accepted method of proving that an employer's action was motivated by discriminatory intent is to demonstrate that similarly situated employees that are not members of the same protected group were treated differently. See Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129, 686 N.E.2d 1303, 1309 (1997). However, in doing so, a plaintiff may only offer evidence relating to other employees that are similarly situated in all respects "without such differentiating or mitigating circumstances that would distinguish their situations." Id. at 130, 1310. The testimony offered by the plaintiff, however, does not relate to similarly situated employees who were treated differently. Rather, the plaintiff seeks to offer evidence regarding the allegations of Brenda Jenkins and Bernadette Fernandes in order to create the inference that the Berkshire Group acted in conformity with the conduct as alleged by former Berkshire Group employees. Such evidence is clearly inadmissible because it relates to allegations of other acts or wrongs. See Young, Pollets & Poreda, Massachusetts Evidentiary Standards, Standard 404 (1998). See also Commonwealth v. Trapp, supra, 396 Mass. at 206. As such, the plaintiff cannot introduce this testimony as comparative evidence relating to similarly situated employees.

Numerous courts in other jurisdictions have been confronted with similar evidentiary issues and have consistently held, in discrimination cases, that evidence relating to allegations of discrimination against other employees was irrelevant and, therefore, inadmissible. See Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 155-56 (6th Cir. 1988) (reversing trial court's denial

of motion in limine to exclude testimony from former employees because the claims of the former employees against the employer were irrelevant); Goff v. Continental Oil Co., 678 F.2d 593, 596-97 (5th Cir. 1982) (upholding the exclusion of testimony of former employees about instances in which defendant had allegedly discriminated against them "[b]ecause this testimony would not have related to the issues of whether [plaintiff] suffered discrimination") overruled on other grounds, Carter v. South Cent. Bell, 912 F.2d 832 (5th Cir. 1990); Franco-Rivera v. FDIC, 751 F. Supp. 13, 16, fn.1 (D.P.R. 1990) (defendant's motion in limine to exclude the testimony of other FDIC attorneys whom plaintiff intended to call to testify about their own discrimination complaints granted in that it would be legally irrelevant because they would not serve to support plaintiff's own individualized claims); Beard v. Coca-Cola Bottling Co., 55 Fair Empl. Prac. Cas. (BNA) 765, 769 (S.D. Ohio 1990) (allegations by non-parties regarding their beliefs that they were discriminated against held irrelevant to plaintiff's claim); aff'd, 925 F.2d 1462 (6th Cir. 1991); Taber v. Christ Hosp., 723 F. Supp. 1236, 1243 (S.D. Ohio 1989) (in age discrimination case, statement that some other employees besides plaintiff was "too old to be here" was irrelevant and inadmissible); Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding exclusion of evidence relating to prior complaints against defendant in § 1983 action because proffered testimony represented veiled attempt to circumvent evidentiary rule prohibiting admission of evidence of bad acts to show propensity to commit such acts).

  In the present case, the relevancy of the proffered evidence is even further removed than in most of the cases cited above. For instance, in Taber the court excluded testimony relating to other acts of age discrimination, despite the fact that the plaintiff's claim was one for age discrimination as well. Taber, 723 F. Supp. at 1243. Here, Ms. Jenkins alleges racial discrimination, and the claim was found to be unfounded. Ms. Fernandes left the employment of the Berkshire Group voluntarily. Thus, she was not terminated and never made a claim against

5

the Berkshire Group for discrimination. Accordingly, any discriminatory acts allegedly committed by the Berkshire Group against Ms. Jenkins or Ms. Fernandes, would not be relevant to plaintiff's case, and should therefore be excluded.

### B. Even If the Proffered Testimony Was Relevant, Its Probative Value Is Substantially Outweighed By Its Likely Prejudicial Effect

Presuming for sake of argument that evidence of other alleged incidents of discrimination could be considered relevant, such evidence would still be inadmissible because "its probative value is far exceeded by its potential for improper and highly prejudicial effect." Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197, 539 N.E.2d 1017, 1021 (1989). See also Haskell v. Kaman Corp., 743 F.2d 113, 122 (2d Cir. 1984) (stating that "the probative value of the testimony [of other employees] was so 'substantially outweighed by the danger of unfair prejudice' that it definitely should have been excluded by the district court"); Eudy v. BWD Auto. Corp., 51 Fair Empl. Prac. Cas. (BNA) 724, 726 (N.D. Ga. 1989).

Here, the slight probative value, if any, of the allegations of discrimination of Ms. Jenkins and Ms. Fernandes are substantially outweighed by its prejudicial effect. The central issue in this case is whether the Plaintiff was subjected to unlawful discrimination. The focus of this case should not be on what the Berkshire Group may or may not have done regarding persons other than the Plaintiff. To allow such evidence will only direct the jury's attention away from the central issue in this case - alleged discrimination against the Plaintiff - and toward a totally irrelevant issue - discrimination allegedly suffered by a third party. See Moorhouse v. Boeing Co., 501 F. Supp. 390, 392-93 (E.D. Pa. 1980) (recognizing that calling non-parties as witnesses regarding allegations of discrimination against them has little effect aside from confusing the jury and requiring the defendant to collaterally litigate irrelevant issues); Wyvill v. United Cos. Life Ins. Co., 212 F.3d 296, 303 (5th Cir. 2000) (holding that the district court erred by admitting evidence of past discrimination because it forced the defendant "to respond to each witness's claims, and creating, in effect,

several "trials within a trial").  See also Young, Pollets & Poreda, Massachusetts Practice, § 403.1 (1998).

### C. All References to the Complaint Filed by Plaintiff with the MCAD Should Also be Excluded

In plaintiff's pre-trial disclosure, she listed the complaint she filed with the MCAD as one of the documents that she may seek to introduce as evidence at trial.  The Berkshire Group contends that admission of this document would be confusing to the jury and would be more prejudicial than probative, and should therefore be excluded.   First Circuit case law supports this position.

In Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21 (1st Cir. 2002), the First Circuit found that it was not error for the district court to exclude a right-to-sue letter issued by the Maine Human Rights Commission in a case involving alleged disability discrimination.  The court explained that because the letter states only "a conclusory probability of discrimination, unsupported by any relevant facts, and thus on its surface lacks probative value . . . and would be more prejudicial than probative."  Id. at 27.  See, also, Smith v. Massachusetts Institute of Technology, 877 F.2d 1106, 1113 (ist Cir. 1989) (holding that EEOC investigative file should be excluded from evidence).

Here, the plaintiff withdrew her MCAD complaint in order to file suit in this Court.  Given that the MCAD never even considered the complaint, it seems evidence of the complaint would be probative of nothing.  Moreover, given that the MCAD complaint mirrors the complaint plaintiff filed in the instant action, evidence of the MCAD complaint would be cumulative.  Finally, evidence of the MCAD complaint would be confusing to the jury and serve no purpose other than for plaintiff to unfairly have the opportunity to repeat the allegations set forth in her district court complaint.  Accordingly, the MCAD complaint and any reference to plaintiff's MCAD case, should be excluded as irrelevant, more prejudicial than probative and potentially confusing the jury.

**WHEREFORE**, the Berkshire Group respectfully requests that this Honorable Court exclude all evidence, through testimony or otherwise, relating to allegations of discrimination by the

Berkshire Group against other former employees. The Berkshire Group further requests that the Court exclude all evidence of the complaint filed by plaintiff with the MCAD.

                                         Respectfully submitted,
                                         Defendants,

                                         By their Attorneys,

                                         <u>/s/ Joseph H. Aronson</u>
                                         <u>/s/ Laura G. Ryan</u>
                                         Joseph H. Aronson, BBO # 022070
                                         Laura G. Ryan, BBO # 653793
                                         THE McCORMACK FIRM, LLC
                                         One International Place
                                         Boston, MA 02110
                                         (617) 951-2929

## **CERTIFICATE OF SERVICE**

    I, Joseph H. Aronson, hereby certify that on May 24, 2006, the foregoing document, *Defendants' Motion in Limine to Exclude Testimony and Evidence Relating to Allegations of Discrimination Made by Other Former Employees of The Berkshire Group and any Reference to MCAD Complaint*, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

                              *Sol Cohen, Esq.*
                              *Cohen & Sales*
                              *43 Thorndike Street*
                              *Cambridge, MA  02141*

                                               <u>/s/ Joseph H. Aronson</u>

84884.1