UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-CV-10918-LTS

_____
                                    )
KATERINA LIBRIZZO                   )
                                    )
    Plaintiff                       )
                                    )
v.                                  )
                                    )
THE BERKSHIRE COMPANIES LIMITED     )
PARTNERSHIP, d/b/a THE BERKSHIRE    )
GROUP, BERKSHIRE PROPERTY           )
ADVISORS, L.L.C., BERKSHIRE INCOME  )
REALTY, INC. and BERKSHIRE FINANCIAL)
COMPANY LIMITED PARTNERSHIP         )
                                    )
    Defendants                      )
_____ )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE RELATING TO ALLEGATIONS OF DISCRIMINATION MADE BY OTHER FORMER EMPLOYEES OF THE BERKSHIRE GROUP AND ANY REFERENCE TO MCAD COMPLAINT**

NOW COMES Katerina Librizzo, the plaintiff in the above-entitled action, and respectfully opposes the defendants' motion in limine to exclude testimony and evidence relative to allegations of discrimination made by other employees of the Berkshire Group and any reference to the plaintiff's MCAD Complaint. As grounds therefore, the plaintiff states as follows:

**Background and factual summary**

This is an action by an employee against her former employer for pregnancy discrimination and retaliation under Title VII, the Civil Rights Act, 42 U.S.C. 2000e, et seq., as amended by the Pregnancy Discrimination Act of 1978, and M.G.L. Chapter 151B.

In summary, the plaintiff claims that she had a positive record of employment until she became pregnant with her first child, after which the defendants made unreasonable demands of her and otherwise altered the terms and conditions of her employment. After a short period of employment after her first maternity leave during which the plaintiff's work record was again positive, the plaintiff became pregnant with her second child. The defendants again began a campaign of harassment, unreasonable demands in light of the plaintiff's position, and otherwise altered the terms and conditions of her employment. The defendants terminated the plaintiff in retaliation for asserting her rights under The Pregnancy Discrimination Act and Chapter 151B.

**<u>Argument</u>**

1. <u>The MCAD Complaint.</u>

Assuming that the defendants concede that the plaintiff filed her charge of discrimination and retaliation in a timely manner, the plaintiff does not oppose the defendant's motion to the extent that it seeks to exclude admission of the plaintiff's MCAD Complaint. However, if the defendants dispute that the plaintiff filed a timely charge of discrimination, then the plaintiff seeks to introduce the charge for the purpose of evidence of compliance with administrative filing requirements under Title VII and Chapter 151B.

2. <u>Allegations of discrimination by Brenda Jenkins</u>

The plaintiff has no intention of calling Brenda Jenkins as a witness on the plaintiff's case. Therefore, the plaintiff does not oppose the defendants' motion to exclude the testimony of Ms. Jenkins or evidence of her allegations of discrimination.

3. <u>Allegations of discrimination by Bernadette Fernandes</u>

    a. <u>Background</u>

The Court should deny the defendant's motion in limine to the extent that it seeks to exclude the testimony of Bernadette Fernandes, a former employee of the defendants because Ms. Fernandes' testimony is highly relevant to the claims and defenses in this case. Ms. Fernandes began her employment with the defendants in 1997 with the defendant's mortgage company. Ms. Fernandes was then transferred to the defendant's holding company, where she held the Treasury Manager position until November 2001, when she left the company.

In her employment as Treasury Manager for the defendants' holding company, Ms. Fernandes worked under the supervision of Wayne Zarozny and Christopher Nichols. The plaintiff's complaint of pregnancy discrimination includes that Mr. Zarozny and Mr. Nichols treated her differently on account of her pregnancy.[1]

Like the plaintiff, Ms. Fernandes will testify that she had an excellent work performance record until she became pregnant. Ms. Fernandes will testify, *remarkably similarly to Ms. Librizzo*, that once she became pregnant, Zarozny and Nichols harassed her, made unreasonable demands (including for unreasonable work hours), suddenly found that none of her work product was sufficient, made inaccurate evaluations of her work performance, harassed her about the need for pre-natal doctor visits. Ms. Fernandes will testify that ultimately she left the company because she felt Mr. Zarozny and Mr. Nichols discriminated against her and altering the terms and conditions of her employment on account of her pregnancy.

    b.    <u>Testimony as to Berkshire's treatment of Ms. Fernandes is relevant to the defendants' discriminatory motive.</u>

Courts have long held in employment discrimination cases that the employer's treatment of similarly situated employees of the same protected class as the plaintiff is relevant

to ultimate question of discrimination. *Matthews v. Ocean Spray Cranberries, Inc.*, 426 Mass. 130, n. 4 (1997); *Lewis v. Area II Homecare for Senior Citizens, Inc.,* 397 Mass. 761, 767-768 (1986); *City of Salem v. Massachusetts Commission Against Discrimination,* 44 Mass. App. Ct. 627, 642-643 (1998) (the employer's practices concerning employment of those in the plaintiff's protected class are relevant to the plaintiff's proof of discriminatory motive).  The jury may infer discrimination from patterns of differential treatment of two groups of employees. *Koster v. Trans World Airlines, Inc.,* 181 F. 3d. 24, 33-34 (1st Cir. 1999); *Blare v. Husky Injection Molding Sys. Boston, Inc.,* 419 Mass. 437, 447 (1995).

In this case, Ms. Fernandes was an employee similarly situated employee to the plaintiff, Katerina Librizzo. Ms. Fernandes was a female. Ms. Fernandes worked under the same supervisors about whom the plaintiff complains. Ms. Fernandes, like Ms. Librizzo, was a mid to lower level salaried employee. Ms. Fernandes became pregnant. Like Ms. Librizzo, Ms. Fernandes claims that she had a positive work record until her pregnancy. Like Ms. Librizzo, Ms. Fernandes claims that Mr. Nichols made derogatory comments about pregnant women and working women in general. Like Ms. Librizzo, Ms. Fernandes claims that after she became pregnant, Zarozny and Nichols harassed her about pre-natal doctor's appointments. Like Ms, Librizzo, Ms. Fernandes claims that after she became pregnant, Zarozny and Nichols made unreasonable demands, including unreasonable requests for work hours beyond the normal 40 hour work week. *See Blare,* 419 Mass. at 447.

The Court should deny the defendant's motion in limine to the extent that it seeks to exclude the testimony of Bernadette Fernandes because Ms. Fernandes's testimony is relevant to this action and will not cause any confusion on the part of the jury. Testimony regarding the

---

[1] Ms. Librizzo further claims that Kelly McCusker, who joined the company in June of 2003 as her direct supervisor, also discriminated and retaliated against her along with Chris Nichols.

defendant's treatment of Ms. Fernandes falls squarely within methods of proof that Courts have long recognized as available for plaintiffs in a disparate treatment employment discrimination case like this case. *Matthews,* 426 Mass. at 130, n. 4; *Blare,* 419 Mass. at 447; *Koster*, 181 F. 3d. at 33-34. Nor will the defendants suffer any prejudice under rule 803 except that Ms. Fernandes's testimony will be probative of their unlawful discrimination.

Furthermore, Ms. Fernandes will testify as to Chris Nichols's derogatory comments about pregnant women and working women in general. Sexist statements about pregnant women made by a supervisor are relevant to determine the defendant's discriminatory motive in its adverse employment action. *Troy v. Bay State Computer Group, Inc.,* 141 F. 3d. 378, 381 (1st Cir. 1998) (sexist statements about employee's pregnancy supported jury's finding that the plaintiff was fired due to stereotypical views about pregnancy). The Court should deny the defendant's motion to exclude Ms. Fernandes's testimony because the testimony is relevant to the issue of whether the defendant's motives for its adverse action against the plaintiff were discriminatory on the basis of pregnancy.

  c. <u>Testimony as to defendants' policies and expectations is relevant</u>

The Court should deny the defendant's motion to exclude the testimony of Bernadette Fernandes because her testimony is highly relevant to two crucial disputed factual issues. In this case, the defendants contend that some of their rationale for the plaintiff's termination and other adverse action against her was a result of the plaintiff's excessive e-mails and telephone calls on personal matters. The plaintiff contends that the defendant's policies or their enforcement of them did not prohibit such e-mails and calls if made at appropriate times. Ms. Fernandes will testify that the defendant's company policy and enforcement relative to

5

personal calls and e-mails allowed for use of personal e-mail and calls, consistent with the plaintiff's testimony.

A central issue in this case is what the defendant's true expectations were of their mid to lower level salaried employees. The defendants contend that they terminated the plaintiff in part because she would not commit to an unlimited number of work hours. The plaintiff claims that the defendants' expectations of work hours for her position did not require a great amount of hours beyond 40 per week until she became pregnant. Ms. Fernandes will testify as to her knowledge of the hierarchy at Berkshire and the expectations of mid to lower level salaried employees such as herself and Ms. Librizzo. This is a topic that is highly in dispute, with the defendants claiming that the plaintiff was not willing to commit to every request for work beyond 40 hours per week made on the plaintiff. The Court should deny the defendant's motion to exclude the testimony of Bernadette Fernandes because her testimony is relevant to material factual issues in dispute between the parties.

WHEREFORE, the plaintiff respectfully seeks that the Court DENY the defendant's Motion in Limine to exclude the testimony of Bernadette Fernandes.

For the plaintiff,
By her attorney,


Sol J. Cohen /s/
Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151

## CERTIFICATE OF SERVICE

      I, Sol J. Cohen, attorney for the plaintiff, Katerina Librizzo, hereby certify that on this 30th day of May, 2006, I served a copy of the above document on the defendants in this action, by mailing the same, postage pre-paid to the defendants' attorney at the following address:

Joseph H. Aronson, Esq.
The McCormack Firm
One International Place
Boston, MA 02110

                                                  Sol J. Cohen /s/