UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATERINA LIBRIZZO,<br><br>    Plaintiff<br><br>v.<br><br>THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, L.L.C., BERKSHIRE INCOME REALTY, INC., and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION<br>NO. 05 CV 10918MLW |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TRIAL DISCLOSURES

Defendants THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, LLC, BERKSHIRE INCOME REALTY, INC., and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP (collectively referred to as "The Berkshire Group"), hereby object to the following trial disclosures made by plaintiff:

**Documents and Things**

    **Documents Nos. 3, 4**

In plaintiff's trial disclosure, she has identified the complaint she filed with the MCAD and the Berkshire Group's MCAD position statement with attachments as two of the documents that she may seek to introduce as evidence at trial.

The Berkshire Group objects to the admission of these documents on the grounds that their admission would be confusing to the jury and would be more prejudicial than probative, constitute hearsay, and cumulative and unnecessary evidence and should therefore be excluded.   As set

forth in the Berkshire Group's Motion in Limine, incorporated by reference herein, the plaintiff withdrew her MCAD complaint in order to file suit in this Court. Given that the MCAD never even considered the complaint, it seems evidence of the complaint, in addition to the hearsay, would be probative of nothing. Moreover, given that the MCAD complaint contains mere allegations and mirrors the complaint plaintiff filed in the instant action, evidence of the MCAD complaint would be cumulative. Finally, evidence of the MCAD complaint would be confusing to the jury and serve no purpose other than for plaintiff to unfairly have the opportunity to repeat the allegations set forth in her district court complaint. Accordingly, the MCAD complaint, the Berkshire Group's position statement and attachment and any reference to plaintiff's MCAD case, should be excluded as irrelevant, more prejudicial than probative and potentially confusing the jury.

**Documents Nos. 6, 13**

Plaintiff also identified in her trial disclosure, two letters prepared by her attorney, Sol Cohen, that were prepared prior to her leaving the Berkshire Group.

The Berkshire Group objects to the admission of these documents on the grounds that the documents qualify as first and second lever hearsay given that Mr. Cohen will not be testifying at trial and has no first hand knowledge of the events, further on the ground that such evidence is cumulative and self-serving. In addition, there is no foundation for the admission of the letters.

**Documents 9, 14**

Plaintiff identifies two letters from the Berkshire Group's general counsel, Scott Spelfogel, as documents that she may introduce at trial.

The Berkshire Group notes that these letters may not be relevant depending upon the Court's rulings on the foregoing objections. Further, the letters may require sanitizing depending upon the Court's other evidentiary rulings.

**Documents 7, 8, 9, 20, 21, 22, 26, 39, 40, 44, & 45**

      The defendants have requested copies of the above numbered documents from plaintiff's attorney. The Berkshire Group does not anticipate having any objections to these documents but reserves the right to object to these documents once it has had an opportunity to review the versions of said documents which plaintiff intends to introduce into evidence.

      Respectfully submitted,
Defendants,

By their Attorneys,

/s/ Joseph H. Aronson
/s/ Laura G. Ryan
Joseph H. Aronson, BBO # 022070
Laura G. Ryan, BBO # 653793
THE McCORMACK FIRM, LLC
One International Place
Boston, MA 02110
(617) 951-2929

## CERTIFICATE OF SERVICE

I, Joseph H. Aronson, hereby certify that on May 30, 2006, the foregoing document, *Defendants' Objections to Plaintiff's Trial Disclosures*, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

> *Sol Cohen, Esq.*
> *Cohen & Sales*
> *43 Thorndike Street*
> *Cambridge, MA  02141*

/s/ Joseph H. Aronson

85184.1