UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATERINA LIBRIZZO,<br>            Plaintiff<br><br>v.<br><br>THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, L.L.C., BERKSHIRE INCOME REALTY, INC., and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP,<br>            Defendants. | CIVIL ACTION<br>NO. 05 CV 10918MLW |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED SUPPLEMENTAL INTERROGATORIES AFTER THE DISCOVERY DEADLINE, TO COMPEL ANSWERS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND TO COMPEL A FURTHER SUPPLEMENTAL DISCOVERY RESPONSE**

Defendants THE BERKSHIRE COMPANIES LIMITED PARTNERSHIP d/b/a THE BERKSHIRE GROUP, BERKSHIRE PROPERTY ADVISORS, LLC, BERKSHIRE INCOME REALTY, INC., and BERKSHIRE FINANCIAL COMPANY LIMITED PARTNERSHIP (collectively referred to as "The Berkshire Group") , hereby oppose Plaintiff's Motion for Leave to Serve Limited Supplemental Interrogatories after the Discovery Deadline, to Compel Answers to Plaintiff's Supplemental Interrogatories and to compel the Berkshire Group to Provide a Further Supplemental Discovery Response.

**Introduction**

Plaintiff seeks to have the Court compel the Berkshire Group to respond to interrogatories that were served more than a week after the deadline that this Court had set for discovery. Plaintiff has no valid argument as to why she should be relieved of her obligation to comply with the discovery deadline, and therefore, her request should be denied. Plaintiff further seeks to

compel the Berkshire Group to respond to an overly broad discovery request seeking the Berkshire Group's financial statements and tax returns showing the defendants' gross income.

**Untimely Interrogatories**

Plaintiff served the Berkshire Group with supplemental interrogatories more than a week after the discovery deadline had passed . The supplemental interrogatories read as follows:

> **INTERROGATORY NO. 1:** Please provide the annual salary and all bonuses, draws, commissions or other monetary payments that the Berkshire Group or any of its subsidiaries or related companies made to Christopher Nichols, Kelly McCusker and Wayne Zarozny during the years 2002, 2003, 2004 and 2005.
>
> **INTERROGATORY NO. 2:** Please provide the following as to David Meer:
>
> (a) all positions and titles held within the Berkshire Group or its related companies at any time and the beginning and end dates for each such position or title;
>
> (b) all job responsibilities within each position described in subsection (a) of this Interrogatory;
>
> (c) Mr. Meer's salary(ies) while employed at the Berkshire Group or its related companies.
>
> **INTERROGATORY NO. 3:** Please describe in detail the history of the employment of Bernadette Fernandes with the Berkshire Group or its related companies, including which entities for which she worked, her positions and titles, identify her supervisor(s), the beginning and end date(s) of each position held, the dates of any maternity or other leaves she took, any complaints, informal or formal, she had while at the Berkshire and all reasons for the end of her employment at each position held with Berkshire or its related companies.

Plaintiff argues that because she agreed to accommodate the Berkshire Group and permit the depositions of two fact witnesses, one from Winter Wyman Staffing and the other from Beacon Hill Staffing, to take place in the first week in April, the Berkshire Group should be required to respond to plaintiff's untimely interrogatories. Unlike the interrogatories, however, the Berkshire Group served plaintiff with the deposition notices on March 10, 2006, three weeks *before* the March 31, 2006, discovery deadline. In contrast, plaintiff served the Berkshire Group with the supplemental interrogatories more than a week *after* the discovery deadline.

Moreover, the depositions were noticed following the Berkshire Group's receipt in February and early March of documents that were sent by Winter Wyman and Beacon Hill in response to Keeper of Record Subpoenas. Thus, shortly after the receipt of the documents showing that plaintiff was seeking part-time work before and after she left the employ of the Berkshire Group, plaintiff was served with the deposition notices and service was made well before the discovery deadline.

Plaintiff also argues that the first supplemental interrogatory to which she seeks a response, which relates to the salaries of Chris Nichols, Kelly McCusker and Wayne Zarozny, did not become an issue until the continuation of plaintiff's deposition which took place on April 3, 2006. Plaintiff contends that because counsel for the Berkshire Group asked plaintiff whether Mr. Nichols, Ms. McCusker and Mr. Zarozny worked more hours than plaintiff, the Berkshire Group is trying to show that plaintiff's position was comparable to Mr. Nichols, Ms. McCusker and Mr. Zarozny and she is therefore entitled to know their salaries. This, however, is incorrect. It has long been established that Ms. McCusker, Mr. Nichols and Mr. Zarozny acted as plaintiff's supervisors and the Berkshire Group does not contend otherwise. Accordingly, in addition to the interrogatory being untimely, there is no relevance to the requested information.

The second and third interrogatories, concerning David Meer and Bernadette Fernandes, pertain to issues that plaintiff has been aware of since she filed the lawsuit. It has been plaintiff's contention all along that the Berkshire Group hired Mr. Meer to fill plaintiff's position. If plaintiff wanted to discover information from the Berkshire Group regarding Mr. Meer's employment, she was obligated to do so prior to the discovery deadline. Likewise, plaintiff has also been aware of Ms. Fernandes' allegations regarding her employment with the Berkshire Group since before she filed the law suit, and had ample time to seek such information before the discovery deadline passed. It is disingenuous for plaintiff to now claim that these interrogatories were served after the

discovery deadline because plaintiff had just learned that the Berkshire Group may have information about these individuals that plaintiff would like to discover.

### Request by Plaintiff for The Berkshire Group to Supplement Its Discovery Responses to Provide Financial Information

The Berkshire Group objects to plaintiff's request for financial statements and tax returns showing the defendants' gross income. Subject to and without waiving said objection, the Berkshire Group has agreed to produce to plaintiff the most recent SEC filing for Berkshire Income Realty ("BIR") which contains details regarding BIR's assets, liabilities, revenue and gross and net income.

### Conclusion

The Berkshire Group respectfully requests that this Honorable Court deny Plaintiff's Motion for Leave to Serve Limited Supplemental Interrogatories after the Discovery Deadline and to Compel Answers to Plaintiff's Supplemental Interrogatories. The Berkshire Group further requests that the Court deny plaintiff's request for an Order compelling the defense to supplement its discovery responses in light of the Berkshire Group's agreement to provide financial information showing the gross and net income of BIR.

Respectfully submitted,
Defendants

By their attorneys,

_____
Joseph H. Aronson [BBO #022070]
Laura G. Ryan      [BBO #653793]
**The McCormack Firm, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph: (617) 951-2929
Fax: (617) 951-2672

**CERTIFICATE OF SERVICE**

      I, Joseph H. Aronson, hereby certify that on May 30, 2006, the foregoing document, *Defendants' Opposition to Plaintiff's Motion for Leave to Serve Limited Supplemental Interrogatories and to Compel a Further Supplemental Response*, which is being filed through the ECF system, was served electronically to the following recipient identified as a registered participant on the Notice of Electronic Filing (NEF):

      Sol Cohen, Esq.
      **Cohen & Sales**
      43 Thorndike Street
      Cambridge, MA  02141

      /s/ Joseph H. Aronson

84925.1