UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-CV-10918 LTS

_____
                                              )
KATERINA LIBRIZZO                             )
                                              )
        Plaintiff                             )
                                              )
v.                                            )
                                              )
THE BERKSHIRE COMPANIES LIMITED                )
PARTNERSHIP, d/b/a THE BERKSHIRE              )
GROUP, BERKSHIRE PROPERTY                     )
ADVISORS, L.L.C., BERKSHIRE INCOME            )
REALTY, INC. and BERKSHIRE FINANCIAL          )
COMPANY LIMITED PARTNERSHIP                   )
                                              )
        Defendants                            )
_____)

**PLAINTIFF'S TRIAL BRIEF**

NOW COMES Katerina Librizzo, the plaintiff in the above-entitled action, and respectfully submits the following as her trial brief pursuant to the Court's Order Setting Case for Trial.

**(a)    Motions in Limine**

The plaintiff moves to exclude six e-mail printouts between the plaintiff and various other individuals, or for leave to redact the content of such e-mails. As grounds therefore, the plaintiff states as follows:

This is an action by a former employee against her former employer for pregnancy discrimination and retaliatory discharge. The defendants contend that part of the reason for the plaintiff's termination was due to the amount of time she purportedly spent on personal e-mails and personal phone calls. As evidence in support of their contention in this regard, the

defendants seek to introduce printouts of six e-mails back and forth from the plaintiff to other individuals. The e-mails in question are described as follows:

1.      May 6, 2004 e-mail exchange between Katerina Librizzo and Mark Faron discussing an unidentified female employee who is "like an animal probably" and how its difficult to imagine how she does "the other thing" when she has difficulty just getting into her car.

2.      May 12, 2004 e-mail exchange between Katerina Librizzo and Lisa Tammaro re Librizzo not staying late and work and Tammaro recommending Librizzo just continue to say she has an appointment every time she is asked to stay late.

3.      May 11, 2004 e-mail string between Katerina Librizzo and Siobhan Lynch in which Librizzo discusses hating everyone on her floor at work and how "Shannon kisses everyone's ass".

4.      May 10, 2004 e-mail from Katerina Librizzo to Siobhan Lynch entitled "that little troll over her is so fake I want to puke" in which Librizzo discusses her dislike for Lynch's replacement and sightings she made at work of Lynch's then-boyfriend.

5.      May 4, 2004 e-mail from Katerina Librizzo to Siobhan Lynch in which Librizzo states that "Sue and Shannon" are "so chipper it's disgusting and fake" and that everyone at work bothers her.

6.      May 7, 2004 e-mail string from Katerina Librizzo to Siobhan Lynch in which Librizzo comments on Berkshire staff and complains about her husband.

The plaintiff stipulates that the e-mails in question are personal in nature. The plaintiff further agrees that the fact that the plaintiff sent personal e-mails on the defendant company's time is relevant to this action. However, the plaintiff objects to the introduction of the substance and content of the e-mails and therefore seeks an order that the defendants must redact the content of the e-mails.

Under Rules 402, the proffered evidence must be relevant to the claims or defenses in the action. The substance of the personal e-mails in question has not bearing and/or is not material to the claims and defenses in this case. At best, the e-mails in question constitute 'gossip' or joking. Aside from the nature of the e-mails as personal (to which the plaintiff stipulates), such

2

PDF created with pdfFactory trial version www.pdffactory.com

gossip and joking is not relevant under Rule 402. Furthermore, portions of the e-mail printouts were written by individuals other than the plaintiff. The Court should hold that the substance of the communications in the e-mails is not relevant to nay issue in this case.

Even if the Court finds that the e-mails in question are relevant, the Court should nevertheless balance whether any probative value of the substance of the communications in these e-mails is substantially outweighed by the danger of unfair prejudice to the plaintiff and confusion of the issues under Rule 403. In this case, the substance of the e-mails are gossip and joking between the plaintiff and her co-workers (at times, admittedly unseemly). Furthermore, some portions of the e-mails were written by individuals other than the plaintiff. As such, the probative value (if any) of the substance of the e-mails is very little. However, the danger of unfair prejudice to the plaintiff is great. Additionally, the danger that the jury will confuse the issues in the case (whether the defendants discriminated against the plaintiff and whether the plaintiff's habit of personal calls and e-mails were the real reason for the termination) with non-material issues of whether the plaintiff is a 'gossip' is also great. Therefore, the Court should order that the substance of the e-mails in question be redacted, but that the defendants may introduce all other aspects of the printouts with a factual stipulation by the plaintiff that the substance and nature were personal.

WHEREFORE, the plaintiff seeks that the Court order that the substance of the e-mails described herein be redacted prior to introduction.

**(b)** **(1) Plaintiff's proposed succinct statement to the jury**

The plaintiff, Katerina Librizzo, claims that while working as a Senior Accountant for the defendant Berkshire Group, the Berkshire Group discriminated against because of her two

3

PDF created with pdfFactory trial version www.pdffactory.com

pregnancies and on the basis of her gender.  Ms. Librizzo further claims that the Berkshire Group retaliated against her and ultimately fired her because she asserted her rights to be free from pregnancy discrimination.

The defendant Berkshire Group denies that it discriminated or retaliated against Ms. Librizzo in any way or at any time.  The Berkshire Group contends that Ms. Librizzo, a salaried employee, failed to do her job, failed to meet expectations, failed and refused to complete the tasks that were assigned to her, spent excessive time on personal calls and e-mails, and ultimately refused to work.  The Berkshire Group contends that it had no choice but to terminate Ms. Librizzo under the circumstances.

### (2) Plaintiff's proposed jury voir dire

1. The plaintiff is suing the defendants because of pregnancy and gender discrimination she says she suffered. Have you or any member of your family been accused of discrimination in the past?

2. Have you, any member of your family, or any company that you have operated or worked for ever been sued by someone claiming discrimination?

3. Have you or has any member of your family ever owned, operated or worked for a company which has been sued by someone claiming bodily injury or emotional distress?

4. Do you have any opinions or feelings about a discrimination case in which a plaintiff makes a claim for money damages which might prevent you from fairly and impartially deciding the issues in such a case?

6. Would you be against awarding judgment for money damages for emotional distress if the evidence warranted that such an amount would be a fair, just and reasonable amount of money as compensation for such damages?

7. Would you be inclined to lean toward protecting a business or corporation from money judgments or awards against it?

9. Are there any reasons why you could not sit and render a fair and impartial verdict in this particular case, whether it is something specifically inquired of you during this voir dire or something not even mentioned yet? *Parento v. Palumbo,* 677 F.2d. 34 (1st Cir. 1982).

PDF created with pdfFactory trial version www.pdffactory.com

10.     Do you or does any member of your family have an interest in or connection with any insurance company?

11.     Are you a shareholder or stockholder in, or in any way do you have a financial interest in, an insurance company which is engaged in the business of casualty insurance?

12.     Have you or has any member of your family ever worked as a claims investigator or an insurance adjuster, or even been employed in any way by an insurance company?

### **(3) Plaintiff's proposed jury instructions**

I.     <u>Pregnancy Discrimination under Title VII</u>

Plaintiff Katerina Librizzo asserts a claim of discrimination based on her pregnancy against the defendants. The law prohibits pregnancy discrimination. Title VII makes it "an unlawful employment practice for an employer … to discharge any individual … because of such individual's … sex." 42 U.S.C. s. 2000e-2(a)(1).  If the employer's decision is made "because of or on the basis of pregnancy, childbirth, or related medical conditions," it is made "because of sex."  Id. s. 2000e(k).  A Title VII sex discrimination claim may be proven with direct evidence of discrimination, such as "an admission by the employer that it explicitly took actual or anticipated pregnancy into account in reaching an employment decision."  <u>Smith v. Morse Co.</u>, 76 F3d 413, 421 (1st Cir. 1996).  Such smoking gun evidence is rare, but sex discrimination may also be proven with circumstantial evidence.  <u>Dominguez-Cruz v. Suttle Caribe, Inc.</u>, 202 F3d 424, 428-429 (1st Cir. 2000).

Ms. Librizzo's claim of pregnancy discrimination consists of "elements," which she must prove by the greater weight of the evidence if she is to win on that claim. To help you follow the evidence, here is a brief summary of the elements of Ms. Librizzo's pregnancy discrimination claim.

The Pregnancy Discrimination Act provides that women affected by pregnancy, childbirth or related medical conditions shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work.  To establish discrimination under this statute, the plaintiff must show that she was treated less favorably than a non-pregnant employee under identical circumstances was and that her pregnancy and gender were the reasons she was treated less favorably.  An unlawful employment practice is established in this respect whenever pregnancy and/or gender are shown to be a motivating factor for an adverse employment decision.

Ms. Librizzo's claim is that she was subjected to different, more adverse employment actions or conditions than similarly situated non pregnant employees when she first became pregnant in December of 2001 and when she became pregnant again in May of 2003.

*Elements*

5

PDF created with pdfFactory trial version www.pdffactory.com

To win her claim of pregnancy discrimination, Ms. Librizzo must prove the following elements by the greater weight of the evidence:

1. Ms. Librizzo belonged to a protected class (she was pregnant at the relevant time;

2. Ms. Librizzo's job performance was satisfactory; but

3. Ms. Librizzo's employer nonetheless dismissed her from her position or took some other adverse employment action against her while treating non-pregnant employees differently. Smith v. Morse Co., 76 F3d 413, 421 (1st Cir. 1996).

II.     Pregnancy Discrimination under MGL Chapter 151B

The plaintiff was an employee of the defendant. The plaintiff claims that the defendant discriminated against her, not for any legitimate business reason, but because of the plaintiff's pregnancy. *G.L. c. 151B, §§ 4(1), 4(1B), 4(1C) as amended by 1989 Mass. Acts 722, effective April 13, 1990.*

Specifically, the plaintiff claims that the defendants treated her differently because of her two pregnancies, and the time she needed to attend pre-natal appointments, and because of a restriction of her work hours as a result of her pregnancy. In order to prove a claim for discrimination, the plaintiff must prove to you by a preponderance of the credible evidence that the defendant intended to discriminate against her and that but for the plaintiff's pregnancy, the defendant would not have taken any disciplinary action against her. *Weber v. Cmty. Teamwork, Inc.*, 434 Mass. 761, 775 (2001); *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 504 (2001); *Abramian v. President & Fellows of Harvard Coll.*, 432 Mass. 107, 115–19, 731 N.E.2d 1075, 1083–86 (2000) (clarifying plaintiff's burden of proof in circumstantial evidence case); *Dartt v. Browning-Ferris Indus.*, 427 Mass. 1, 12, 691 N.E.2d 526, 533 (1998); *Blare v. Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 445, 646 N.E.2d 111, 117 (1995) (the plaintiff bears the burden of persuasion on the ultimate issue of discrimination); *Brunner v. Stone & Webster Eng'g Corp.* 413 Mass. 698, 699, 603 N.E.2d 206, 208 (1992); *Smith Coll. v. MCAD*, 376 Mass. 221, 227, 380 N.E.2d 121, 125 (1978); *Wheelock Coll. v. MCAD*, 371 Mass. 130, 139, 355 N.E.2d 309, 315 (1976); *Sch. Comm. of Boston v. Labor Relations Comm'n*, 40 Mass.App.Ct. 327, 330 n.6, 664 N.E.2d 455, 458 n.6, *further app. rev. denied*, 422 Mass. 1111, 665 N.E.2d 1004 (1996) (applying "but for" test).

The burden of persuasion rests with the plaintiff at all times.

Sometimes motive, intent, or state of mind can be proved directly; for example, by a witness describing what his or her state of mind was or by a witness testifying to what a defendant said that would be reflective of his or her state of mind. Direct evidence is evidence that, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace. Direct evidence can consist of statements of a defendant that suggest a discriminatory attitude toward pregnant women. *Wynn & Wynn v. MCAD*, 431 Mass. 665, 666–67 n.20, 729 N.E.2d 1068, 1078 n.20 (2000), *Johansen v. NCR Comten, Inc.*, 30 Mass.App.Ct. 294, 300–01, 568 N.E.2d 611, 614–15 (1991); *see also Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v.*

PDF created with pdfFactory trial version www.pdffactory.com

*MCAD*, 31 Mass.App.Ct. 84, 89–90, 575 N.E.2d 77, 81–82, *cert. denied*, 411 Mass. 1103, 579 N.E.2d 1361 (1991) (statements by two decision makers that "we do not want a woman in that position" and "what we need is a big strong man who can come to the committee and fight" constitute direct evidence of discrimination). *See also Fernandez v. Costa Bros. Masonry*, 199 F.3d 572, 581-83 (1st Cir. 1999).

But at other times, motive, intent, or state of mind must be proved indirectly or circumstantially. Here, you may examine the defendant's actions and words, and all of the surrounding circumstances, to help you determine what the defendant's motive, intent, or state of mind was when the defendant took disciplinary action against the plaintiff. The law does not draw any distinction between the weight to be given direct or circumstantial evidence; that is up to the jury. Circumstantial evidence permits you to draw reasonable inferences from facts in evidence. The inference proposed from the evidence need not be the only one possible; however, it must be a reasonable inference. *Brown v. Commonwealth,* 407 Mass. 84, 89, 551 N.E.2d 531, 534 (1990); *Abraham v. City of Woburn*, 383 Mass. 724, 729–30, 421 N.E.2d 1206, 1201–11 (1981).

An employer may not necessarily be aware of his or her bias. Employment decisions that are made because of stereotypical thinking about people because of their gender or pregnancy, violate the Massachusetts law prohibiting discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Lipchitz v. Raytheon Co.*, 434 Mass. 493 (2001); *Riffelmacher v. Bd. Of Police Comm'rs of Springfield*, 27 Mass.App.Ct. 159, 163 (1989).

Circumstantial evidence of discrimination can include proof that the reason given by the Berkshire Group for their disciplinary action is not true or, if more than one reason was given, that at least one if the reasons given was not true; that is, the reason given was not the real reason for the disciplinary action.

If the plaintiff has persuaded you that at least one of the Berkshire Group's reasons is false, you may, but are not required to, infer that Berkshire Group is covering up a discriminatory intent, motive, or state of mind. *Lipchitz v. Raytheon Co.*, 434 Mass. 493, 496 (2001).

The reason that such an inference is allowable is because experience indicates that people do not generally act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. In a situation where the legitimate reason or reasons advanced by the employer for taking an adverse action are rejected as not being the real or true reasons, one might reasonably conclude that it is more likely than not that the employer, who is generally assumed to act only with *some* reason, based its decision on impermissible consideration. *Blare v. Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995); *Wheelock College v. MCAD*, 371 Mass. 130, 135 n.5, 355 N.E.2d 309, 313 n.5 (1976); *Harrison v. Boston Fin. Data Servs., Inc.*, 37 Mass.App.Ct. 133, 136, 638 N.E.2d 41, 43 (1994).

PDF created with pdfFactory trial version www.pdffactory.com

Circumstantial evidence may include evidence of a general atmosphere of discrimination at the place of employment. Likewise, evidence that an employer, acting through its officials and managers, considered gender or pregnancy in other employment matters can also support a conclusion that the unlawful bias was a factor in this case. *Lewis v. Area II Homecare for Senior Citizens, Inc.*, 397 Mass. 761, 767, 493 N.E.2d 867, 871–72 (1986); *Smith Coll. v. MCAD*, 376 Mass. 221, 228 & n.9, 380 N.E.2d 121, 125 & n.9 (1978); *Johansen v. NCR Comten, Inc.*, 30 Mass.App.Ct. 294, 298, 568 N.E.2d 611, 613 (1991).

Unlawful bias on the part of a specific decision maker may be inferred from the attitudes of others in authority in the company, such as company officials and senior managers. *Northeast Metro. Reg'l Vocational Sch. Dist. Sch. Comm. v. MCAD*, 31 Mass.App.Ct. 84, 89, 575 N.E.2d 77, 81–82, *cert. denied*, 411 Mass. 1103, 579 N.E.2d 1361 (1991); *Southern Worcester County Reg'l Vocational Sch. Dist. v. Labor Relations Comm'n*, 386 Mass. 414, 421, 436 N.E.2d 380, 384–85 (1982); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 176, 478 N.E.2d 1292, 1295–96, *cert. denied*, 395 Mass. 1103, 482 N.E.2d 328 (1985).

Unlawful bias may be inferred from evidence that the employer used subjective criteria in making employment decisions. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 990-91 (1988); *City of Salem v. MCAD*, 44 Mass.App.Ct. 627, 643 (1998) ("uncontrolled subjectivity" in performance standards can be evidence of bias); *Harrison v. Boston Fin. Data Servs., Inc.*, 37 Mass.App.Ct. 133, 138, 638 N.E.2d 41, 44–45 (1994); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F.Supp. 406, 410 (D.Mass. 1990).

Unlawful bias may be inferred from an employer's failure to follow its own policies or guidelines in making the employment decision involved in this case. *Martin v. Envelope Div. of Westvaco Corp.*, 850 F.Supp. 83, 92 (D.Mass. 1994); *see also Goden v. Runyon*, 885 F.Supp. 1104, 1106 (W.D.Tenn 1995).

When assessing a plaintiff's claim of pretext, you should focus on the motivation of the employer, and not its business judgment. *Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 351 n.6 (1st Cir. 1998).

While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but does not have to be a reason that you, the jury, would act on or approve. An employer is entitled to make its own policy and business judgments, and may, for example, fire an adequate employee if its reason is to hire one who will be even better, as long as this is not a pretext for discrimination.

PDF created with pdfFactory trial version www.pdffactory.com

You may consider the reasonableness or lack or reasonableness of the defendant's stated business judgment along with all the other evidence in determining whether the defendant discriminated against the plaintiff. The reasonableness of the employer's reason(s) may of course be probative of whether the reason(s) are pretexts. You must keep in mind, however, that your focus is to be on the defendant's (employer's) motivation and not on its business judgment. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 n.6 (1st Cir. 1979).

 III.   Retaliation under Title VII

Ms. Librizzo also asserts a claim of retaliation based on her protected activity under the Civil Rights Act. To prove unlawful retaliation, Ms. Librizzo must show she engaged in a statutorily protected expression and suffered a material adverse action by the defendants, and that there is a link between the protected expression and the defendants' adverse action suggesting the protected expression was the cause of the adverse action. 42 U.S.C. s. 2000e-3(a).

Ms. Librizzo's claim is that when she informed the Berkshire Group that she required a restriction of her work hours to 40 per week as a result of her pregnancy and asked that her employer stop discriminating against her, the defendants unlawfully retaliated against her, and ultimately terminated her employment.

To win her claim of Retaliation, Ms. Librizzo must prove the following elements by the greater weight of the evidence:

1. Ms. Librizzo engaged in conduct that Title VII protects;

2. Ms. Librizzo suffered a material adverse action by the defendants; and

3. There is a link between the protected expression and the defendants' adverse actions suggesting the protected expression was the cause of the adverse action. Hernandez-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998).

A materially adverse change in terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration in job responsibilities. A materially adverse change may be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguishable title, a material loss of benefits, significantly diminished material responsibilities, or other things that might be unique to a particular situation.

 IV.   Retaliation under MGL Chapter 151B

9

PDF created with pdfFactory trial version www.pdffactory.com

The plaintiff claims that the defendant retaliated against her because she opposed a discriminatory practice. In order to recover, the plaintiff must prove to you by a preponderance of the evidence the following elements:

1.  the plaintiff reasonably and in good faith believed that the defendant was engaged in wrongful discrimination;

2.  the plaintiff acted reasonably in response to that belief in opposing the employer's practice; and

3.  the defendant's desire to retaliate was a determinative factor in its decision to affect the plaintiff's terms and conditions of employment. *Melnychenko v. 84 Lumber Co.*, 424 Mass. 285, 676 N.E.2d 45 (1997); *Tate v. Dep't of Mental Health*, 419 Mass. 356, 364, 645 N.E.2d 1159, 1165 (1995) (plaintiff's charge of discrimination was not filed until after her termination and thus her retaliation claim was based on her internal complaints of failing to be accommodated).

V.     Damages

If the plaintiff has proven to you that the defendant unlawfully discriminated or retaliated against her, then you must decide the amount of damages, if any, that will fairly compensate the plaintiff. The purpose of an award of compensatory damages is to make the plaintiff whole for all the losses that she has suffered because of the defendant's unlawful discrimination or retaliation. The plaintiff bears the burden of proof on damages. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the defendant unlawfully discriminated or retaliated against the plaintiff, then you may award damages in the following four areas:

1.  back pay,

2.  front pay,

3.  emotional distress, and

4.  punitive damages.

I will explain each to you. G.L. c. 151B, § 9; *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388, 523 N.E.2d 255, 256–57 (1988); *Rombola v. Cosindas*, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1961).

PDF created with pdfFactory trial version www.pdffactory.com

Back Pay:

The plaintiff is entitled to back pay, which is the amount of the plaintiff's lost earnings from the date of the adverse employment decision until today. This includes all lost bonuses, employment benefits, and health insurance benefits that would have accumulated but for the defendant's discriminatory conduct. However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer since the date of the adverse employment action. *Conway v. Electro Switch Corp.,* 402 Mass. 385, 388–89, 523 N.E.2d 255, 257 (1988); *Black v. Sch. Comm. of Malden*, 369 Mass. 657, 661–62, 341 N.E.2d 896, 900 (1976).

Mitigation of Damages:

The plaintiff also has a duty to limit her damages. It is the defendant's burden to prove to you that the plaintiff failed in her duty to mitigate damages by seeking other employment. The defendant meets this burden if it has proved to you that

1. one or more discoverable opportunities for comparable employment were available in a location as convenient as or more convenient than the place of former employment,

2. the plaintiff unreasonably made no attempt to apply for any such job, and

3. it was reasonably likely that the plaintiff would have obtained one of those comparable jobs.

If the defendant has proven these facts, then you should reduce any back pay award to the plaintiff by the amount that she could have earned in wages and benefits at the comparable job. *Conway v. Electro Switch Corp.*, 402 Mass. 385, 389, 523 N.E.2d 255 (1988); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 185, 478 N.E.2d 1292, 1301 (1985); *Black v. Sch. Comm. of Malden*, 369 Mass. 657, 662, 341 N.E.2d 896, 901 (1976).

Front Pay:

The plaintiff is entitled to front pay, which is the amount of damages resulting from the loss of future earnings and benefits that is attributable to the employer's misconduct. You cannot speculate in awarding front pay; rather, the determination of the amount of the award must be proven with reasonable certainty. You should make reasonable estimates based on the evidence concerning the amount of future earnings, including salary, bonuses, and benefits, that the plaintiff would have received but for the defendant's unlawful discrimination.

In determining front pay you should consider and weigh the following factors:

PDF created with pdfFactory trial version www.pdffactory.com

1. the amount of earnings, including salary and benefits, that the plaintiff probably would have received between now and the plaintiff's projected retirement date;

2. the plaintiff's probable date of retirement;

3. the amount of earnings that the plaintiff probably would have received from another employer until her retirement. This, of course, would reduce any front pay award to the plaintiff. The plaintiff is under a duty to mitigate or lessen her losses by reasonable efforts to secure other employment. It is the defendant's burden to prove that the plaintiff could reasonably be expected to earn money in the future to offset any losses attributable to the plaintiff;

4. the availability of other employment opportunities; and

5. the possibility of inflation and wage increases in the future. *Handrahan v. Red Roof Inns, Inc.*, 48 Mass.App.Ct. 901, 902, 716 N.E.2d 1073, 1074, *further app. rev. denied*, 425 Mass. 1107, 684 N.E.2d 1198 (1999); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388–89, 523 N.E.2d 255, 256–57 (1988); *Linn v. Andover Newton Theological Sch., Inc.*, 874 F.2d 1, 8–9 (1st Cir. 1989).

Reducing Front Pay to Present Value:

If you award damages to the plaintiff for losses she will suffer in the future, keep in mind that a plaintiff cannot be awarded damages that overcompensate the losses that she suffered because of the defendant's conduct. In order to avoid overpaying the plaintiff, you must consider that the amount of money you give the plaintiff today for future losses can be put in the bank, where it can earn interest. So, in making an award for future damages, you must determine the amount of money that, if invested today at a reasonable rate of interest, would in the future provide the plaintiff with the amount of money that you calculated she will lose in the future as a result of the defendant's conduct. *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388–89 & n.3, 523 N.E.2d 255, 257 & n.3 (1988); *Trinity Church of Boston v. John Hancock Mut. Life Ins. Co.*, 399 Mass. 43, 52, 502 N.E.2d 532, 537–38 (1987); *McDonald v. Federal Lab., Inc.*, 724 F.2d 243, 247 (1st Cir. 1984); *Worden v. Consol. Rail Corp.*, 689 F.Supp. 35, 39 (D.Mass. 1988).

Emotional Distress:

If you find that the plaintiff has been discriminated against, you may also award her reasonable damages for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the discrimination. Although uncertainty in the amount of damages does not bar recovery and mathematical

12

PDF created with pdfFactory trial version www.pdffactory.com

precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 824, 678 N.E.2d 853, 860–61 (1997), *Bournewood Hosp., Inc. v. MCAD*, 371 Mass. 303, 315–17, 358 N.E.2d 235, 242–43 (1976); *Rombola v. Cosindas*, 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Cos. v. Am. & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Franklin Publishing Co. v. MCAD*, 25 Mass.App.Ct. 974, 975, 519 N.E.2d 798, 799–800 (1988); *Buckley Nursing Home v. MCAD*, 20 Mass.App.Ct. 172, 182, 478 N.E.2d 1292, 1299 (1985).

Punitive Damages

If you find that the defendant has intentionally discriminated against the plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish the defendant for conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others. Punitive damages are appropriate where the defendant's conduct warrants condemnation and deterrence.

In determining the amount of a punitive damage award, if any, you should consider:

1. the character and nature of the defendant's conduct;

2. the defendant's wealth, in order to determine what amount of money is needed to punish the defendant's conduct and to deter any future acts of discrimination;

3. the actual harm suffered by the plaintiff; and

4. the magnitude of any potential harm to other victims if similar future behavior is not deterred.

If you do award punitive damages, you should fix the amount by using calm discretion and sound reason. *Dartt v. Browning-Ferris Indus., Inc.*, 427 Mass. 1, 16–17, 691 N.E.2d 526, 536–37 (1998); *Bain v. City of Springfield*, 424 Mass. 758, 767–68, 678 N.E.2d 155 161–62 (1997); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 826–27, 678 N.E.2d 853, 862–63 (1997); Restatement (Second) of Torts § 908(2) (1979); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459–62 (1993); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15–20 (1991); *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 206–07 (1st Cir. 1987) (intentional discrimination by its very nature is outrageous and entitles a jury to consider the issue of punitive damages); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 753 F.Supp. 406, 412 (D.Mass. 1990).

13

PDF created with pdfFactory trial version www.pdffactory.com

### **4. Plaintiff's proposed special verdict interrogatories**

<u>Question Number 1</u>

Did the defendant, the Berkshire Group, discriminate against the plaintiff, Katerina Librizzo, on the basis of her pregnancies or her gender?

Yes_____          No_____

<u>Question Number 2</u>

Did the defendant, the Berkshire Group, unlawfully retaliate against the plaintiff, Katerina Librizzo, for asserting her right to be free of discrimination?

Yes_____          No_____

If you answered "No" to both Questions 1 and 2, you have reached a verdict for the defendants on the plaintiff's claims.

If your answer to either Question Number 1 or 2 is "Yes," please continue to Question 3.

<u>Question Number 3</u>

Please state the amount of compensatory damages that the plaintiff, Katerina Librizzo, suffered, as a result of discrimination or retaliation, broken down as requested below.

$_____   for back pay
(Please write out the amount of damages using numbers).

_____
(Please write out the amount of damages in words.)


$_____   for front pay
(Please write out the amount of damages using numbers).

PDF created with pdfFactory trial version www.pdffactory.com

_____
(Please write out the amount of damages in words.)


$_____    for emotional distress
(Please write out the amount of damages using numbers).

_____
(Please write out the amount of damages in words.)


Question Number 4

Please state the amount of punitive damages that are appropriate against the defendant Berkshire Group.

$_____
(Please write out the amount of damages using numbers).

_____
(Please write out the amount of damages in words.)


        For the plaintiff,
        By her attorney,


        Sol J. Cohen /s/
        Sol J. Cohen
        BBO # 630776
        COHEN & SALES
        43 Thorndike Street
        Cambridge, MA 02141
        (617) 621-1151

PDF created with pdfFactory trial version www.pdffactory.com

## CERTIFICATE OF SERVICE

  I, Sol J. Cohen, attorney for the plaintiff, Katerina Librizzo, hereby certify that on this ____ day of _____, 2006, I served a copy of the above document on the defendants in this action, by mailing the same, postage pre-paid to the defendants' attorney at the following address:

Joseph H. Aronson, Esq.
The McCormack Firm
One International Place
Boston, MA 02110

              _____
              Sol J. Cohen

PDF created with pdfFactory trial version www.pdffactory.com