UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATERINA LIBRIZZO,<br>      **Plaintiff**<br><br>v.<br><br>THE BERKSHIRE COMPANIES LIMITED<br>PARTNERSHIP d/b/a THE BERKSHIRE GROUP,<br>BERKSHIRE PROPERTY ADVISORS, L.L.C.,<br>BERKSHIRE INCOME REALTY, INC., and<br>BERKSHIRE FINANCIAL COMPANY LIMITED<br>PARTNERSHIP,<br>      **Defendants** | CIVIL ACTION<br>NO. 05 CV 10918MLW |

## DEFENDANT'S TRIAL BRIEF

**A.** **MOTIONS IN LIMINE**

The Court has already ruled on the defendants' "Motion in Limine to Exclude Testimony and Evidence Relating to Allegations of Discrimination Made by Other Former Employees of the Berkshire Group and Any Reference to the MCAD Complaint." It is the defendants' understanding that the Court will permit Bernadette Fernandes to testify. The defendants reserve their right to object to portions of Ms. Fernandes' testimony at trial so as to exclude inadmissible testimony.

**B.** **NEUTRAL STATEMENT TO BE READ TO VENIRE DURING EMPANELMENT**

This is a claim for employment discrimination. The plaintiff, Katerina Librizzo, has brought this claim against The Berkshire Group, a company where she worked in the past. The plaintiff claims that the defendant discriminated against her on account of her pregnancy and engaged in retaliation.

The defendant, The Berkshire Group, has denied that it discriminated against the plaintiff and asserts that the plaintiff was terminated for legitimate non-discriminatory reasons, including poor work performance and attitude, repeated failure to meet deadlines, poor work product, and excessive amount of times spent on personal matters.

### C.    PROPOSED VOIR DIRE QUESTIONS

1. Have you, any family member or close friend, been involved in any dispute or lawsuit involving alleged discrimination of any kind?

2. Have you, any family member or close friend, had any business dealings with The Berkshire Companies Limited Partnership, Berkshire Property Advisors, LLC, Berkshire Income Realty, Inc., and Berkshire Financial Company Limited Partnership, or The Berkshire Group?

3. Would you tend to favor the plaintiff merely because the defendant is a company involved in finance and investment?

4. Have you, any family member or close friend, been subjected to treatment by an employer such that you would have difficulty being fair and impartial in a case against an employer?

5. Have you ever been terminated from a job?

6. Do you have any beliefs regarding whether a woman should work or stay at home when she has young children that would affect your ability to be fair and impartial in a case alleging discrimination on the basis of gender and pregnancy?

7. Is there any reason you could not be fair and impartial in deciding the facts of a case alleging discrimination on the basis of gender and pregnancy?

8. Have you, any family member, or close friend brought a claim or lawsuit against an employer as a result of an employment related dispute?

D.  **REQUEST FOR JURY INSTRUCTIONS**

### REQUEST NO. 1
### Credibility

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there is any conflict in a witness' testimony, it is your function to resolve the conflict and determine the truth. In determining the credibility of a witness and determining whether the witness is to be believed as to his or her testimony, you should consider the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness while testifying, whether the witness has made inconsistent statements at other times, the reasonableness or unreasonableness of the testimony, the probability of the testimony, the accuracy of the witness' recollection, and the degree of intelligence shown by the witness. You should take into consideration the character and appearance of the witness at trial in determining the credit to be given to his or her testimony. Ford v. Kreamer, 360 Mass. 870, 277 N.E.2d 679 (1972); Harding v. Studley, 294 Mass. 193, 196 200 N.E. 916, 917 (1936).

### REQUEST NO. 2
### Discrimination/Burden of Proof

Plaintiff has alleged claims for discrimination under both federal and Massachusetts law. In order for plaintiff to prove a claim for discrimination, she must prove to you by a preponderance of credible evidence that:

1. she was discriminated against based on her gender/pregnancy,
2. defendant intended to discriminate against her, and
3. but for plaintiff's gender/pregnancy, she would not have been terminated.

The burden of proof rests with the plaintiff at all times.

Tate v. Dept. of Mental Health, 419 Mass. 356, 362 (1995)

## REQUEST NO. 3
### Burden of Proof—Preponderance of the Evidence

As I have said, the plaintiff has the burden of proof on her claim by a preponderance of the evidence. This means that the plaintiff must prove that her claim is probably more true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## REQUEST NO. 4
### Intent

In this case, the critical issue is why the defendant terminated the plaintiff. It is unlawful to discharge a person because of her sex or pregnancy. It is not unlawful to discharge a person for poor work performance and attitude, repeated failure to meet deadlines, poor work, and spending an excessive amount of time on personal matters. To decide this case, you will have to inquire into and determine the defendant's intent or state of mind.

Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 699 (1992); Barbour v. Dynamics Research Corp., 63 F.3d 32, 39 (1st Cir. 1995).

## REQUEST NO. 5
### Gender Discrimination Based on Disparate Treatment

In order for plaintiff to prove a claim of gender discrimination based on disparate treatment, the plaintiff must prove that
(1)   she belonged to a protected class,
(2)   she was performing her job at a level that rules out the possibility that she was fired for job performance,
(3)   she suffered an adverse job action by his employer, and
(4)   her employer filled her position with an applicant with roughly equivalent qualifications.

Douglas v. J.C. Penney Company, 422 F.Supp.2d 260, 273 (D. Mass. 2006) (citations omitted); Beal v. Board of Selectmen, 419 Mass. 535, 544 (1995); M.G.L. Ch. 151B.

## REQUEST NO. 6

### Retaliation—Elements

The plaintiff has also brought a claim against the defendant for retaliation. On this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. plaintiff engaged in protected conduct;
2. plaintiff was subject to an adverse employment action; and
3. there was a causal connection between the protected activity and the adverse employment action.

In other words, the plaintiff must prove that she was terminated as a direct result of engaging in some protected activity. If the plaintiff has failed to prove any one of the foregoing elements, she cannot prevail.

Bourbeau v. City of Chicopee, 445 F.Supp.2d 106 (2006) (same factors apply both to retaliation claim under Title VII, and Massachusetts anti-discrimination statute); Newell v. Celadon Security Services, Inc., 417 F.Supp.2d 85 (D.Mass. 2006); Mole v. University of Massachusetts, 442 Mass. 582, 591-592 (2004)

## REQUEST NO. 7

### Causation Element of Retaliation

If an employer knows of a discrimination claim, and thereafter takes some adverse action against the complaining employee, that does not, by itself, establish causation, an element of a retaliation claim under federal and state anti-discrimination laws.

The plaintiff must prove that the adverse action was taken as a direct result of some protected activity taken by her.

Where adverse employment actions or other problems with an employee occur before the employer has knowledge that the employee has engaged in protected activity, it is not permissible to draw the inference, for purposes of establishing causation, that subsequent adverse actions, taken after employer acquires such knowledge, are motivated by retaliation.

Mole v. University of Massachusetts, 442 Mass. 582, 592-595 (2004); Oliver v. Digital Equipment Corp., 846 F.2d 103, 110 (1st Cir. 1988); Clark County School District v. Breeden, 532 U.S. 268, 272 (2001).

## REQUEST NO. 8

### Discrimination/Burden Shifting

Where an employer has produced evidence of legitimate, nondiscriminatory reasons for terminating the plaintiff's employment, the plaintiff must also prove one further element of the claim, namely: that the defendant's stated non-discriminatory reason was pretext and the real reason her employment was terminated was because of discrimination. If plaintiff is unable to prove this by a preponderance of the evidence, she cannot prevail.

In order for the plaintiff to show that the employer's stated reason for the adverse employment action is merely a pretext for the discrimination/retaliation, the plaintiff cannot merely attack the truthfulness of stated reason; rather, the plaintiff must present specific facts showing that reason given by the employer is not only sham, but that the sham intended to cover up the employer's real motive.

Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1st Cir.1995); McDonnell v. Certified Engineering & Testing Co., Inc,.899 F.Supp. 739, 745 (D.Mass.1995); Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 105 (1st Cir. 2005).

## REQUEST NO. 9

### Discrimination/Retaliation Claims – Plaintiff Not Entitled to More Favorable Treatment

Although an employee may be in a protected class, the law does not entitle the employee to be treated more favorably than his or her co-employees simply because the employee is within a protected class.

Hochstadt v. Worcester Foundation for Experimental Biology, 545 F.2d 222, 230 (1st Cir. 1976).

## REQUEST NO. 10

### Business Judgment

When assessing a plaintiff's claim of pretext, you should focus on the motivation of the employer, and not its business judgment.

While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal

discrimination. The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but does not have to be a reason that you, the jury, would act on or approve. An employer is entitled to make its own policy and business judgments, and may, for example, fire an adequate employee if its reason is to hire one who will be even better, as long as this is not a pretext for discrimination.

You may consider the reasonableness or lack of reasonableness of the defendant's stated business judgment along with all the other evidence in determining whether the defendant discriminated against the plaintiff. The reasonableness of the employer's reasons may of course be probative of whether the reasons are pretexts. You must keep in mind, however, that your focus is on the defendant's motivation and not on its business judgment.

*Kelley v. Airborne Freight Corp.*, 140 F. 3d. 335, 351 n.6 (1st Cir. 1998); Loeb v. Textron, Inc., 600 F.2d. 1003, 1012 n.6 (1st Cir. 1979).

## REQUEST NO. 11
### At-Will Employment

An at-will employee can be discharged at any time as long as the discharge is not because of a discriminatory reason.

Jackson v. Action for Boston Community Dev., Inc., 403 Mass. 8, 9 (1988)

## REQUEST NO. 12
### Sympathy

As members of the jury, you cannot be governed by sympathy or any motive whatsoever except a fair and impartial consideration of the evidence, and you must not allow any sympathy you might have for the plaintiff to influence you to any degree whatsoever in deciding whether the plaintiff has carried her burden of proof.

## REQUEST NO. 13

### Mixed Motive

Sometimes employment decisions may be product of a mixture of legitimate (nondiscriminatory) and illegitimate (discriminatory) reasons. Although I am not saying or implying anything about the decision in this case, and you should not infer that I am, in a situation where there may be mixed motives, the plaintiff cannot prevail if the employer proves that it would have made the same decision regardless of the plaintiff's sex or pregnancy. Where the employer would have taken the same action regardless of the plaintiff's sex, then the plaintiff cannot prevail.

Wynn & Wynn, P.C. v. Massachusetts Commn. Against Discrimination, 431 Mass. at 666, 729 (2000) (overruled on other grounds); Burton v. Town of Littleton, 426 F.3d 9, 19 (1st Cir. 2005).

## REQUEST NO. 14

### Damages

The fact that I am instructing you as to the rules of law which are to govern you in your consideration of the question of damages is not to be understood as an opinion by me as to whether damages should be allowed, or as to whether the defendant engaged in unlawful conduct. This is a matter for your determination under the rules of law that I have given to you. You may find that there was no unlawful conduct and therefore there were no damages. However, in the event that you were to find unlawful conduct, then you may award damages in accordance with the following instructions:

## REQUEST NO. 15

### Compensatory Damages - Generally

If the plaintiff has proven to you that the defendant unlawfully discriminated against her, then you must decide the amount of damages, if any, that will fairly compensate the plaintiff. The purpose of an award of compensatory damages is to make the plaintiff whole for all her losses. The plaintiff also bears the burden of proof on damages.

If you reach the issue of damages, they must not in any event exceed what is reasonable. The measure of damages which you find is the amount of pecuniary loss which the plaintiff has

experienced or is reasonably certain to experience in the future. Compensatory damages must not be enlarged so as to constitute either a gift or windfall to the plaintiff for penalty to the defendant. The only purpose of damages is to award reasonable compensation. With regard to compensatory damages, there is no purpose to inflict punishment or impose any penalty or make an award for the sake of an example. Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages. The award is acceptable as long as it is based on just and reasonable inferences from the evidence. If you find that the defendant unlawfully discriminated against the plaintiff, then you may award damages in the following four areas:

1. back pay;

2. front pay;

3. emotional distress

I will determine whether front pay is to be awarded, and the amount, if any, of a such an award. You only need to consider the two other types of damages.

## REQUEST NO. 17

### Back Pay

Back pay is the amount of the plaintiff's lost earnings from the date of the adverse employment decision until today. However, you should decrease this amount by any earnings and benefits received by the plaintiff from another employer since the date of the adverse employment action. It is the plaintiff's burden to prove that she lost wages and benefits, and their amount. In addition, she must prove that any lost wages were caused by the allegedly wrongful employment action and not as a result of other causes. If she fails to do so for any periods of time for which she seeks benefits, you may decide not to award her any damages for those periods.

## REQUEST NO. 18

### Mitigation of Damages

To mitigate means to avoid or reduce damages. The plaintiff has a duty to mitigate damages. This means that the plaintiff must be reasonable diligent in seeking and accepting new employments substantially equivalent to that from which she was discharged.

It is the defendant's burden to prove to you that the plaintiff failed in her duty to mitigate damages by seeking other employment. A party fails to mitigate her damages if:

1. comparable employment was available;

2. the plaintiff was not reasonably diligent in seeking comparable employment, and

3. it was reasonably likely that the plaintiff would have obtained one of those comparable jobs, if she had been reasonably diligent in seeking such employment.

If the defendant has proven these facts, then you should reduce any back pay award to the plaintiff by the amount that she could have earned in wages and benefits at the comparable job.

Cummings v. Standard Register Co., 265 F.3d 56, 66 (1st Cir. 2001); Buckley Nursing Home, Inc. v. Massachusetts Commission Against Discrimination, 20 Mass.App.Ct. 172, 185 (1985) (internal citations omitted); Conway v. Electro Switch Corp., 402 Mass. 385, 389 (1988).

## REQUEST NO. 19

### Emotional Distress

If you find that the plaintiff is entitled to recover and proves by a preponderance of the evidence that she suffered emotional distress, you may, but are not required to, award her a reasonable amount for her emotional distress. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety or humiliation suffered as a result of the discrimination. You must not speculate or guess in awarding damages. Emotional distress damages should be fair and reasonable, and proportionate to the distress suffered. It is the plaintiff's burden to prove that she suffered emotional distress. She must also show that the emotional distress was caused by

defendant's unlawful act. Plaintiff cannot recover for emotional distress that was caused by other circumstances apart from the actions of defendant.

Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 576-577(2004)

### REQUEST NO. 20
### Punitive Damages

If you find that the defendant has intentionally discriminated against the plaintiff, you may consider whether punitive damages are warranted. Punitive damages are different from compensatory damages. Unlike compensatory damages, which compensate the victim for the harm she has suffered, the purpose of punitive damages is to punish a defendant. Punitive damages should be awarded only if the employer's conduct is found to be outrageous and the defendant acted with malice or reckless indifference to the rights of others.

If an employer's conduct is outrageous to the point of warranting condemnation, the following factors should be considered on this issue:

1. the character and nature of the defendant's conduct;
2. the actual harm suffered by the plaintiff; and
3. the magnitude of any potential harm to other victims if similar future behavior is not deterred.

Calm discretion and sound reason should be exercised in assessing punitive damages.

Kolstad v. American Dental Association, 119 S.Ct. 2118, 2125-2127 (1999); Dartt v. Browning-Ferris Industries, Inc., 427 Mass. 1, 16-17 (1998).

E.  **PROPOSED SPECIAL QUESTIONS FOR THE JURY**

1. Has plaintiff proved, by a fair preponderance of the evidence, that plaintiff was discriminated against by defendant on account of her gender?

    Yes_____  No_____

If your answer is "No" to Question 1, proceed to Question 4. If your answer is "Yes" to Question 1, proceed to Question 2.

11

    2.      Has plaintiff established, by a fair preponderance of the evidence, that but for plaintiff's gender, defendant would not have terminated her employment:

                    Yes_____   No_____

If your answer is "No" or "Yes" to Question 2, proceed to 3.

    3.      Has plaintiff established, by a fair preponderance of the evidence, that she was performing her job at a level that rules out the possibility that she was fired for job performance?

                    Yes_____   No_____

If your answer is "No" to Question 3, proceed to Question 5. If your answer is "Yes" to Question 3, proceed to Question 4.

    4.      Has plaintiff established, by a fair preponderance of the evidence, that defendant filled her position with an applicant with roughly equivalent qualifications?

                    Yes_____   No_____

If your answer is "No" or "Yes" to Question 4, proceed to Question 5.

    5.      Has plaintiff established, by a fair preponderance of the evidence, that she engaged in protected conduct?

                    Yes_____   No_____

If your answer is "No" to Question 5, and you answered "No" to Questions 1 or 2, and "No" to Questions 3 or 4, proceed no further and report your verdict to the Court. If your answer is "Yes" to Question 5, proceed to Question 6.

    6.      Has plaintiff established, by a fair preponderance of the evidence, that she was subject to an adverse employment action?

                    Yes_____   No_____

If your answer is "No" to Question 6, and you answered "No" to Questions 1 or 2, and "No" to Questions 3 or 4, proceed no further and report your verdict to the Court. If your answer is "Yes" to Question 6, proceed to Question 7.

7. Has plaintiff shown that it is more likely than not that her engaging in protected activity was a substantial factor in the decision of the defendant to terminate her employment?

Yes_____ No_____

If your answer is "No" to Question 7, and you answered "No" to Questions 1 or 2, and "No" to Questions 3 or 4, proceed no further and report your verdict to the Court. If your answer is "Yes" to Question 7, proceed to Question 8.

Yes_____ No_____

8. Has defendant produced evidence of legitimate, nondiscriminatory reasons for terminating plaintiff's employment?

Yes_____ No_____

If your answer is "Yes" to Question 8, and you answered "No" to Questions 1 or 2, and "No" to Questions 3 or 4, proceed no further and report your verdict to the Court. If your answer is "No" to Question 8, proceed to Question 9.

9. Has plaintiff established, by a preponderance of the evidence, that defendant's stated non-discriminatory reason was pretext and the real reason her employment was terminated was because of discrimination?

Yes_____ No_____

If your answer is "No" to Question 9, proceed no further and report your verdict to the Court. If your answer is "Yes" to Question 9, proceed to Question 10.

10. Has the plaintiff proved that discriminatory bias was at least one factor motivating the defendant's decision to terminate plaintiff's employment?

Yes_____ No_____

If your answer is "No" to Question 10, proceed no further and report your verdict to the Court. If your answer to Question 10 is "Yes," proceed to Question 11.

Yes_____ No_____

11. Has the defendant shown, by a preponderance of the evidence, that it would have terminated plaintiff's employment regardless of the plaintiff's gender?

If your answer is "No" to Question 11, proceed to Question 12. If your answer to Question 11 is "Yes" proceed no further and report your verdict to the Court.

>   12. If you have found that defendant discriminated against plaintiff based on her gender, or retaliated against her for engaging in a protected activity, has plaintiff established by a preponderance of the evidence that she has suffered damages as a result?

If your answer is "No" to Question 12, proceed no further and report your verdict to the Court. If your answer to Question 12 is "Yes" proceed to Question 13.

>   13. What amount of money would fairly and adequately compensate the plaintiff for her alleged damages?
>
>       (state the amount in numbers)        $ _____
>
>       (and in words) _____

I certify that the foregoing answers are those of the deliberating jury.

_____
FOREPERSON OF THE JURY

Dated: At Boston, Massachusetts, _____, 2006.

Respectfully submitted,
The defendants,
By their Attorneys,

_____
Joseph H. Aronson    [BBO #022070]
Laura G. Ryan        [BBO #653793]
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA  02110
(617) 951-2929

90646.1